EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Fraya, S.E.<br><br>    Demandante-Recurrida<br><br>             v.<br><br>Autoridad de Carreteras y<br>Transportación, et al.<br><br>    Demandados-Peticionarios | Certiorari<br><br>2004 TSPR 99<br><br>161 DPR ____ |

Número del Caso: CC-2004-236

Fecha: 16 de junio de 2004

Tribunal de Circuito de Apelaciones:

                    Región Judicial de San Juan

Juez Ponente:
                 Hon. Nydia Cotto Vives

Abogados de la Parte Peticionaria:

                    Lcdo. Luis A. Rivera Cabrera
                    Lcda. María del Pilar García Incera
                    Lcdo. Víctor D. Candelario Vega

Abogado de la Parte Recurrida:

                    Lcdo. Francisco Jiménez Rosado


Materia: Cobro de Dinero, Incumplimiento de Contrato y Daños y
         Perjuicios



Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Fraya, S.E.

Demandante-Recurrida

v.                                    CC-2004-236       Certiorari

Autoridad de Carreteras y
Transportación, *et al.*

Demandados-Peticionarios


PER CURIAM
(Regla 50)

San Juan, Puerto Rico, a 16 de junio de 2004.

En el caso de autos, el Tribunal de Apelaciones desestimó el recurso presentado por la Autoridad de Carreteras y Transportación del Estado Libre Asociado de Puerto Rico por falta de jurisdicción al concluir que no se anejaron documentos esenciales al apéndice. A la luz de los hechos ante nuestra consideración y en consideración a las disposiciones de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003[1] y del Reglamento Transitorio

---

[1] Ley Núm. 201 de 22 de agosto de 2003 (en adelante Ley de la Judicatura de 2003).

del Tribunal de Apelaciones,[2] resolvemos que erró el foro apelativo al desestimar el referido recurso.

I

Fraya, S.E. (en adelante Fraya) presentó una demanda en cobro de dinero, incumplimiento de contrato y daños y perjuicios ante el Tribunal de Primera Instancia contra la Autoridad de Carreteras y Transportación del Estado Libre Asociado de Puerto Rico (en adelante Autoridad de Carreteras). Solicitó la cantidad de $1,000,549.50 que desglosados consisten en: (1) $349,572.96 de una deuda por trabajos realizados bajo el contrato entre las partes; (2) $146,273.99 de trabajos adicionales; (3) $138,176 de cubierta de seguro de responsabilidad; (4) $60,000 por concepto de una cláusula contractual de incentivos; (5) $172,800 de ganancias y gastos administrativos por concepto de un contrato que la Autoridad de Carreteras le otorgó ilegalmente a un tercero; y (6) $54,335.68 de gastos de mantenimiento. Fraya además alegó otros daños económicos por pagos retenidos, deducciones de pago indebidas, entre otras actuaciones alegadamente ilegales de la Autoridad de Carreteras.

Luego de aproximadamente dos (2) años de litigio, Fraya presentó una solicitud de "Sentencia Declaratoria"

_____

[2] Aprobado el 18 de noviembre de 2003, 2003 TSPR 167, en virtud de la Ley de la Judicatura de 2003, *supra*. Desde la aprobación de dicha ley, el anterior Tribunal de Circuito de Apelaciones se conoce ahora Tribunal de Apelaciones.

dentro de este mismo pleito ante el foro de instancia. Sostuvo que conforme al contrato principal entre Fraya y la Autoridad de Carreteras, ésta última tenía la obligación de negociar con Fraya ciertos trabajos que contrató con una tercera empresa llamada Prime Electric Corp. Según alegó, si la Autoridad de Carreteras "hubiera negociado con Fraya la cantidad que contrató con Prime Electric, Fraya hubiera obtenido un beneficio de $172,800 que representa un 27% en ganancia y gastos administrativos según se había pactado". Por lo tanto, le solicitó al tribunal que declarara ilegal en contrato entre la Autoridad de Carreteras y Prime Electric Corp. y le concediera la indemnización solicitada.

Luego de celebrar una vista, el tribunal de instancia declaró con lugar la solicitud de sentencia declaratoria de Fraya. La determinación del tribunal fue notificada el 27 de marzo de 2003. Oportunamente, el 11 de abril de 2003, la Autoridad de Carreteras solicitó la reconsideración de este dictamen al tribunal de instancia, la cual fue declarada sin lugar mediante notificación de 2 de mayo de 2003. Inconforme, el 29 de mayo de 2003, la Autoridad de Carreteras acudió al Tribunal de Apelaciones mediante un recurso titulado "Apelación de Sentencia Declaratoria".

Por su parte, Fraya solicitó al foro apelativo que desestimara el recurso presentado por falta de jurisdicción. Señaló que no se incluyeron en el apéndice

documentos esenciales y que el recurso fue presentado fuera del término reglamentario. Según Fraya, la moción de reconsideración presentada por la Autoridad de Carreteras fue rechaza de plano al no ser considerada dentro de los diez (10) días a partir de su presentación, por lo que no se interrumpió el término para acudir al Tribunal de Apelaciones. Por lo tanto, Fraya argumentó que el término para presentar el recurso de apelación comenzó a decursar a partir del 27 de marzo de 2003, fecha en que el tribunal de instancia notificó la sentencia.

El Tribunal de Apelaciones acogió el planteamiento de Fraya y desestimó el recurso de la Autoridad de Carreteras mediante una Sentencia con fecha de 18 de diciembre de 2003. El Panel del Tribunal de Apelaciones integrado por su Presidente el Juez Hiram Sánchez Martínez, la Jueza Nydia Cotto Vives y el Juez Pierre Vivoni del Valle resolvió desestimar el recurso por falta de jurisdicción "debido a que la sentencia apelada se dictó el 11 de marzo de 2003 y al no ser incluida en el apéndice del recurso la boleta de notificación que contiene la fecha del archivo en autos", el tribunal no podía determinar su jurisdicción. Asimismo, determinó que el recurso presentaba otros defectos que conllevaban "de todos modos" su desestimación, a saber: no incluir en el apéndice copia de la solicitud de sentencia declaratoria presentada por Fraya y la respectiva

oposición de la Autoridad de Carreteras; falta de notificación del recurso al Tribunal de Primera Instancia; y el incumplimiento con las normas reglamentarias en la notificación del recurso a la otra parte. Por lo tanto, el foro intermedio concluyó que "el Apéndice del recurso est[aba] fatalmente incompleto".

De otra parte, la Autoridad de Carreteras alegó ante el Tribunal de Apelaciones que el recurso fue presentado oportunamente en virtud de las disposiciones de la Regla 43.5 de Procedimiento Civil.[3] Dicha regla faculta al tribunal a reconsiderar sus determinaciones *en cualquier momento* previo a la adjudicación de todas las reclamaciones o derechos de todas las partes, cuando en casos de reclamaciones o partes múltiples no se haya expresado en el dictamen la inexistencia de razón para posponer dictar sentencia sobre ciertas partes o reclamaciones hasta la resolución total del pleito o no se haya ordenado expresamente su registro y notificación.[4]

---

[3] 32 L.P.R.A. Ap. III, R. 43.5.

[4] La regla textualmente dispone:

Sentencias sobre reclamaciones o partes múltiples

Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra terceros o figuren en él partes múltiples el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones o

*Id.* Surge de la sentencia declaratoria emitida por el foro de instancia que no se cumplieron con los requisitos que impone la referida Regla 43.5 para impartirle finalidad al dictamen. Por lo tanto, según la Autoridad de Carreteras, la sentencia recurrida no advino final y firme pues el tribunal de instancia podía reconsiderarla en *cualquier momento* por no tratarse de una sentencia parcial final conforme a la Regla 43.5. En otras palabras, la autoridad alegó que el término para acudir mediante apelación o *certiorari* en casos como estos comienza a decursar a partir de la última determinación del tribunal con respecto al dictamen recurrido, como por ejemplo, desde un no ha lugar a una moción de

_____

partes hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia.

Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a la controversia en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a correr en lo que ella respecta los términos dispuestos en las Reglas 47, 48 y 53.

**En ausencia de la referida conclusión y orden expresa, cualquier orden o cualquier otra forma de decisión, no importa cómo se denomine, que adjudique menos del total de las reclamaciones o los derechos y obligaciones de menos del total de las partes, no terminará el pleito con respecto a ninguna de las reclamaciones o partes y la orden u otra forma de decisión estará sujeta a reconsideración por el tribunal que la dicte en cualquier momento antes de registrarse sentencia adjudicando todas las reclamaciones y los derechos y obligaciones de las partes.** 32 L.P.R.A. Ap. III, R. 43.5. (Énfasis suplido).

reconsideración, y no desde la fecha en que se emite una sentencia no final en un pleito de reclamaciones o partes múltiples.

El Tribunal de Apelaciones, de igual forma, despachó estos argumentos de la Autoridad de Carreteras al expresar que no estaba en posición de determinar si el caso de autos se trataba de reclamaciones múltiples debido a la falta de documentos esenciales en el apéndice, en particular la demanda. Al enterarse de la determinación del Tribunal de Apelaciones de desestimar el recurso por incumplimiento con el reglamento, la Autoridad de Carreteras presentó una moción de reconsideración a la que anejo los documentos omitidos y solicitó a dicho tribunal que los acogiera. Esta moción fue declarada sin lugar.

De este dictamen, la Autoridad de Carreteras recurrió ante nos. Vista su solicitud, decidimos revocar la decisión del Tribunal de Apelaciones en el caso de autos sin trámite ulterior, a tenor con la Regla 50 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, en vista de la patente inobservancia por dicho foro de las disposiciones de la Ley de la Judicatura de 2003 y del Reglamento Transitorio del Tribunal de Apelaciones. Veamos.

II

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003[5] reconoce la responsabilidad de toda la ciudadanía de propiciar acceso inmediato y económico a un sistema de justicia sensible a la realidad de los distintos miembros de la sociedad. Exposición de Motivos, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico 2003, Leyes de Puerto Rico, 2003, pág. _____. En reconocimiento al mandato que la Constitución del Estado Libre Asociado de Puerto Rico le da a la Rama Judicial, en la exposición de motivos de esta ley se recalca la responsabilidad de dicha rama de gobierno de "mantener la confianza del pueblo y de asegurarle a cada puertorriqueño y puertorriqueña el disfrute pleno de sus derechos así como sus responsabilidades". *Id*. Además, la ley determina la competencia de los distintos niveles de tribunales de la Rama Judicial, sus deberes y los principios básicos por los que deben guiar su desempeño.

En cuanto al Tribunal de Apelaciones, en particular, la Ley de la Judicatura de 2003, *supra*, dispone que su propósito es proveer a los ciudadanos un foro apelativo mediante el cual un panel de por lo menos tres (3) jueces revise las determinaciones del Tribunal de Primera

---

[5] Esta ley fue aprobada el 22 agosto de 2003 y entró en vigor noventa (90) días después de su aprobación. Art. 9.004 de la Ley de la Judicatura de 2003, *supra*. Con su aprobación se derogó el Plan de Reorganización de la Rama Judicial Núm. 1 de 28 de Julio de 1994, según enmendado, conocido como Ley de la Judicatura de 1994. Art. 9.002 de la Ley de la Judicatura de 2003, *supra*.

Instancia y de los organismos y agencias administrativas. Art. 4.002 de la Ley de la Judicatura de 2003, *supra*. Respecto a la función revisora del Tribunal de Apelaciones, se expresa que éste "deberá cumplir con el objetivo de [la Ley de la Judicatura de 2003] de dar mayor acceso a la ciudadanía a los procesos judiciales". *Id*. A esos efectos, se le instruye a ofrecer acceso fácil, económico y efectivo a sus procedimientos de manera que se "[eliminen] obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos". *Id*.

Con relación al acceso fácil y económico a la justicia que debe imperar ante el foro apelativo intermedio, la Ley de la Judicatura de 2003, *supra*, expresamente faculta al Tribunal Supremo a aprobar reglas internas para regir los procedimientos y la organización del Tribunal de Apelaciones. Éstas, de igual forma, deberán tener como propósito principal proveer un acceso fácil, económico y efectivo a dicho tribunal. Art. 4.004 de la Ley de la Judicatura de 2003, *supra*. Para ello, se dispone expresamente que:

> **El reglamento interno del Tribunal de Apelaciones contendrá, sin limitarse a ello, reglas dirigidas a <u>reducir al mínimo el número de recursos desestimados por defectos de forma o de notificación, reglas que provean oportunidad razonable para la corrección de defectos de forma o de notificación</u> que no afecten los derechos de las partes,** y reglas que permitan la comparecencia efectiva de apelantes por derecho propio y en *forma pauperis*. *Id*. (Énfasis suplido). (Itálicas en el original).

En cumplimiento con este mandato, el Tribunal Supremo de Puerto Rico aprobó el Reglamento Transitorio del Tribunal de Apelaciones, *supra*,[6] que entró en vigor el 18 de noviembre de 2003. Regla 89 del Reglamento Transitorio del Tribunal de Apelaciones, *supra*. Este reglamento recoge los propósitos enunciados en la Ley de la Judicatura de 2003, *supra*, y detalla las reglas y procedimientos a seguir en todo proceso ante el tribunal apelativo, así como su competencia, deberes y obligaciones. En su Regla 89 dispone que aplica a todo recurso presentado en o con posterioridad a su fecha de vigencia y a todos los procedimientos pendientes ante el Tribunal de Apelaciones a la fecha de entrar en vigor. *Id*.

En cuanto a los requisitos de forma de los recursos de apelación en casos civiles, el Reglamento Transitorio del Tribunal de Apelaciones requiere que el escrito contenga, entre otras cosas, un apéndice. Regla 16(E) del Reglamento Transitorio del Tribunal de Apelaciones, *supra*. El apéndice de estos recursos incluirá la demanda principal, reconvenciones, demandas contra coparte o de tercero y las respectivas contestaciones; la sentencia recurrida y la notificación del archivo en autos de copia de ésta; toda moción presentada ante el tribunal de

---

[6] Con su aprobación se derogó el Reglamento del Tribunal de Circuito de Apelaciones de 1996. Regla 88 del Reglamento Transitorio del Tribunal de Apelaciones, *supra*.

instancia y toda resolución u orden necesaria para acreditar la interrupción o reanudación del término para presentar el recurso y copia de la notificación del archivo en autos de dicha resolución u orden; toda resolución, orden o moción ante el tribunal de instancia que discuta expresamente cualquier asunto presentado o en controversia en el escrito de apelación o que pueda serle útil al tribunal apelativo para resolver la controversia, entre otros documentos. *Id.*, inciso (1).

Con respecto al apéndice, la Regla 16(E) del Reglamento Transitorio del Tribunal de Apelaciones dispone, además, lo siguiente:

> **El Tribunal de Apelaciones podrá además permitir a la parte apelante la presentación de los documentos [que se requieren como parte del apéndice], con posterioridad a la fecha de presentación del escrito de apelación, dentro del término de quince (15) días contado el mismo a partir de la fecha de la notificación de la resolución del Tribunal informándole los documentos omitidos.**
>
> **La omisión de la presentación de documentos del Apéndice no será causa de desestimación del recurso**.[7] *Id.*, inciso (3). (Énfasis suplido).

Esta regla difiere sustancialmente de su equivalente en el derogado Reglamento del Tribunal de Circuito de

---

[7] Para el apéndice de los recursos de *certiorari* ante el Tribunal de Apelaciones hay una disposición idéntica al primer párrafo de la Regla 16(E)(4) sobre el recurso de apelación. *Véase*, Regla 34(E)(4) del Reglamento Transitorio del Tribunal de Apelaciones, *supra*. De igual forma, el inciso (5) de la Regla 34(E) del Reglamento Transitorio del Tribunal de Apelaciones, *supra*, expresa que "[e]l Tribunal de Apelaciones dará oportunidad a las partes de corregir cualquier defecto de forma del recurso [de *certiorari*].

Apelaciones de 1996. *Véase*, Comentarios a la Regla 16 del Reglamento Transitorio del Tribunal de Apelaciones, *supra*. Uno de los cambios más importantes se dio precisamente en cuanto al apéndice. A partir de la vigencia del Reglamento Transitorio del Tribunal de Apelaciones, la omisión de documentos en el apéndice no es automáticamente una causa para desestimar el recurso. *Id*. **Esta nueva norma responde al mandato de la Ley de la Judicatura de 2003, *supra*, de que se eliminen las barreras reglamentarias y de que se reduzca *al mínimo* el número de recursos desestimados por defectos de forma y notificación**. *Id*.

Como el mismo texto de la regla expresa, el Tribunal de Apelaciones tiene facultad para permitir la presentación de cualquier documento que falte en el apéndice dentro de quince (15) días a partir de la notificación del tribunal de tal omisión. De esa manera se deja plasmado el principio de que los casos se ventilen y resuelvan en los méritos y el rechazo de la utilización de requisitos de forma como un subterfugio para declinar impartir justicia apelativa a los ciudadanos con reclamos válidos.

Aun desde antes de la vigencia de la Ley de la Judicatura de 2003, *supra*, y del Reglamento Transitorio del Tribunal de Apelaciones, *supra*, la norma prevaleciente era que el mecanismo procesal de la desestimación como sanción por el incumplimiento con las

normas reglamentarias apelativas debía utilizarse como último recurso. Román Velázquez v. Román Hernández, res. el 24 de septiembre de 2002, 2002 TSPR 127. Justo antes de la aprobación del Reglamento Transitorio del Tribunal de Apelaciones, *supra*, en Salinas v. Alonso Estrada, res. el 13 de noviembre del 2003, 2003 TSPR 165, reiteramos el rechazo de la desestimación de los recursos ante el Tribunal de Apelaciones como sanción por el incumplimiento con los requisitos reglamentarios. *Véase además, casos allí citados*. Es más, en esa instancia dispusimos que aún bajo el ahora derogado Reglamento del Tribunal de Circuito de Apelaciones, la desestimación debía ser un mecanismo de último recurso y que, en su lugar, se debía conceder un término razonable que usualmente no debería exceder de cinco (5) días, a partir de la notificación por parte del tribunal apelativo de la omisión, para subsanar el incumplimiento reglamentario en cuanto al apéndice se refiere. Ello a pesar de que para entonces era un requisito jurisdiccional anejar el apéndice completo al recurso. Salinas v. Alonso Estrada, *supra*.

Examinada la normativa vigente sobre el curso de acción que debe seguir el Tribunal de Apelaciones en casos de omisiones reglamentarias en el apéndice de los recursos presentados ante su consideración, veamos los hechos concretos del caso de autos.

III

La Sentencia desestimatoria del Tribunal de Apelaciones aquí recurrida tiene fecha de 18 de diciembre de 2003. El Reglamento Transitorio del Tribunal de Apelaciones entró en vigor el 20 de noviembre de 2003 y dispuso que aplicaría a todo procedimiento pendiente ante el Tribunal de Apelaciones a la fecha de su vigencia. Regla 89 del Reglamento Transitorio del Tribunal de Apelaciones, *supra*. Por su parte, la Ley de la Judicatura de 2003 fue aprobada el 22 de agosto de 2003 y entró en vigor noventa (90) días después de su aprobación. Art. 9.004 de la Ley de la Judicatura de 2003, *supra*. Por consiguiente, tanto el Reglamento Transitorio del Tribunal de Apelaciones, *supra*, como la Ley de la Judicatura de 2003, *supra*, estaban en pleno vigor previo a que se dictara sentencia en el caso de autos. El Panel del Tribunal de Apelaciones al que se le asignó este caso debía, por lo tanto, dar fiel cumplimiento a las disposiciones de ambos cuerpos reglamentarios reseñadas anteriormente.

No obstante, nos sorprende que a pesar de citar en su sentencia el Reglamento Transitorio del Tribunal de Apelaciones, *supra*, el foro apelativo no cumple cabalmente con su deber ministerial de promover la resolución de los casos en los méritos y el acceso fácil, económico y efectivo a los procesos apelativos. Ese debe

ser el norte de los jueces apelativos en el desempeño de sus funciones bajo el ordenamiento legal vigente.

Además, es motivo de preocupación que no se cite en la sentencia recurrida la Regla 16(E)(3) del Reglamento Transitorio del Tribunal de Apelaciones a los efectos de que **"[l]a omisión de la presentación de documentos del Apéndice no será causa de desestimación del recurso"** y que, en su lugar, se debe conceder un término de quince (15) días para subsanar cualquier omisión. Tampoco se hace referencia al Art. 4.004 de la Ley de la Judicatura de 2003, *supra*, que objeta expresamente la desestimación de los recursos por defectos de forma o de notificación. Aun si estos mandatos en la ley y en el reglamento no fueran suficientes, la jurisprudencia de este Tribunal es clara en rechazar tenazmente la desestimación de los recursos como sanción por el incumplimiento con el reglamento del Tribunal de Apelaciones.

La Ley de la Judicatura de 2003, *supra*, le reconoce a todo ciudadano el derecho a que su caso sea revisado por un tribunal colegiado y dispone *expresamente* que las formalidades reglamentarias de los procesos apelativos no son causa legítima, en primera instancia, para menoscabar dicho derecho. Dispone, además, la obligación del Tribunal de Apelaciones de velar por que se eliminen obstáculos y barreras que impidan impartir justicia apelativa para que la ciudadanía pueda gozar de un mayor acceso a los tribunales. Es lamentable que, a pesar de

lo anterior, todavía tengamos que expresarnos para evitar la desestimación inmeritoria de recursos ante el Tribunal de Apelaciones. En vista del ordenamiento legal y reglamentario vigente y del trabajo y los esfuerzos económicos que conlleva acudir ante un tribunal apelativo y ante la posibilidad de soslayar derechos sustantivos de las partes, en nada contribuye a la buena administración de la justicia la actuación del panel del foro apelativo en el presente caso.

De otra parte, el Tribunal de Apelaciones utilizó el mismo fundamento del apéndice "fatalmente incompleto" para despachar los argumentos de la Autoridad de Carreteras al amparo de la Regla 43.5 de Procedimiento Civil, *supra*, sobre reclamaciones y parte múltiples. Al así actuar soslayo igualmente su responsabilidad de velar por la adjudicación de los casos en los méritos y evitar la imposición de obstáculos y barreras reglamentarias que impidan impartir justicia apelativa.

Por lo tanto, a la luz de lo anterior, resolvemos que erró el Tribunal de Apelaciones al disponer la desestimación de la "Apelación de Sentencia Declaratoria" interpuesta en el caso de autos. En su lugar, debió observar las disposiciones de su reglamento y de la Ley de la Judicatura de 2003, *supra*, y conceder término a la parte peticionaria para subsanar la omisión.[8] En vista de

---

[8] También el foro apelativo pudo haber acogido la moción de reconsideración de la Autoridad de Carreteras y dejar sin efecto la desestimación del recurso. Para entonces

que los señalamientos de los documentos omitidos fueron subsanados por la Autoridad de Carreteras mediante la moción de reconsideración presentada ante el Tribunal de Apelaciones, dejamos sin efecto la desestimación del recurso por incumplimiento con el reglamento y le ordenamos a dicho foro a examinar su jurisdicción con respecto a los planteamientos de la Autoridad de Carreteras bajo la Regla 43.5 de Procedimiento Civil, *supra*, luego de solicitar a Fraya que replique en cuanto a este asunto en particular.

IV

Por los fundamentos que anteceden, y a tenor con la Regla 50 del Reglamento del Tribunal Supremo, expedimos el auto de *certiorari* solicitado y procedemos a revocar la sentencia del Tribunal de Apelaciones en el caso de autos. Consiguientemente, se devuelve el caso a dicho foro para la continuación de los procedimientos de forma consistente con lo aquí resuelto.

Se dictará Sentencia de conformidad.

---

ya tenía a su disposición los documentos omitidos en el apéndice del recurso y podía proceder a adjudicar la controversia planteada en sus méritos.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Fraya, S.E.

Demandante-Recurrida

v.                                    CC-2004-236        Certiorari

Autoridad de Carreteras y
Transportación, *et al*.

Demandados-Peticionarios


SENTENCIA


San Juan, Puerto Rico, a 16 de junio de 2004.


Por los fundamentos expuestos anteriormente, los cuales se hacen formar parte integral de la presente, y a tenor con la Regla 50 del Reglamento del Tribunal Supremo, expedimos el auto de *certiorari* solicitado y procedemos a revocar la sentencia del Tribunal de Apelaciones en el caso de autos. Consiguientemente, se devuelve el caso a dicho foro para la continuación de los procedimientos de forma consistente con lo aquí resuelto.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señor Fuster Berlingeri, señor Corrada del Río y señor Rivera Pérez no intervinieron.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo