EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ana María González Rodríguez<br><br>     Peticionaria<br><br>          v.<br><br>Agropecuaria Las Américas, Inc.<br>Y otros<br><br>          Recurridos | Certiorari<br><br>2017 TSPR 26<br><br>197 DPR ____ |

Número del Caso: CC-2016-1138

Fecha: 17 de febrero de 2017

Tribunal de Apelaciones:

     Región Judicial de San Juan-Fajardo, Panel IV

 Abogado de la parte Peticionaria:

     Lcdo. Julio C. Colón Ortiz

Materia: Resolución con voto particular disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO
Sala I

Ana María González Rodríguez

       Peticionaria

           v.               CC-2016-1138     *Certiorari*

Agropecuaria Las Américas, Inc.
y otros

       Recurridos

Sala de Despacho integrada por la Jueza Presidenta Oronoz Rodríguez, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón

RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de febrero de 2017.

Atendido el C*ertiorari* presentado por la parte peticionaria, se provee no ha lugar.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez expediría y emite un Voto particular disidente.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ana María González Rodríguez

      Peticionaria

          v.                  CC-2016-1138    *Certiorari*

Agropecuaria Las Américas,
Inc. y otros

      Recurridos

Voto particular disidente emitido por la Jueza Presidenta Oronoz Rodríguez

En San Juan, Puerto Rico, a 17 de febrero de 2017.

Disiento del curso de acción propuesto por dos miembros de este Tribunal porque su determinación le imprime carácter jurisdiccional a un requisito de cumplimiento estricto. En su lugar, expediría el auto de *certiorari* y revocaría el dictamen recurrido.

Los hechos que dieron inicio a la controversia ante nuestra consideración son sencillos. La Sra. Ana María González Rodríguez (peticionaria) presentó una apelación ante el Tribunal de Apelaciones doce días antes de que venciese el término correspondiente. Lo notificó a las demás partes al día siguiente por correo certificado con acuse de

recibo. Según surge del expediente, la correspondencia le fue devuelta por existir un error en uno de los dígitos del código postal del destinatario. Sin embargo, la peticionaria recibió el sobre devuelto luego de transcurrido el término provisto para efectuar la notificación. Tan pronto se percató de la situación, notificó nuevamente su recurso.

El Tribunal de Apelaciones desestimó la apelación por entender que la peticionaria incumplió con el requisito de notificación, sin que hubiera justa causa.[1]

Tal y como indica la Opinión disidente, nuestro ordenamiento jurídico desfavorece la desestimación de los recursos apelativos por defectos de *forma* o *notificación*.[2] Pueblo v. Santana Vélez, 168 DPR 30, 43-44 (2006); Fraya v. A.C.T., 162 DPR 182, 190-191 (2004). A tales efectos, el Art. 4.002 de la Ley de la Judicatura establece que el Tribunal de Apelaciones "[d]eberá ofrecer acceso fácil, económico y efectivo a sus procedimientos, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos". 4 LPRA sec. 24u.

Al promulgar dicho cuerpo normativo, el legislador nos impuso la obligación de adoptar las reglas internas que regirían los procedimientos y la organización del Tribunal de Apelaciones. Este mandato legislativo quedó

---

[1] El Hon. Roberto Sánchez Ramos, Juez del Tribunal de Apelaciones, emitió una Opinión disidente.
[2] *Opinión disidente*, Apéndice, págs. 8-10.

plasmado en el Art. 4.004 de la Ley de la Judicatura, el cual exige que el reglamento contenga **"reglas dirigidas a reducir al mínimo el número de recursos desestimados por defectos de forma o notificación"** y **"reglas que provean oportunidad razonable para la corrección de defectos de forma o notificación que no afecten los derechos de las partes"**. 4 LPRA sec. 24w. (Énfasis suplido).

Con ello en mente, y en el ejercicio de nuestro poder constitucional de adoptar las normas que rigen los procedimientos ante los tribunales, aprobamos el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, con el propósito de diseñar un sistema que fomente la más sana administración de la justicia. Pérez Soto v. Cantera Pérez, Inc., 188 DPR 98, 104 (2013). En lo pertinente al caso de autos, la Regla 12.1 de ese Reglamento establece que las disposiciones sobre los requisitos de forma y notificación "deberán interpretarse de forma que se reduzcan al mínimo las desestimaciones de los recursos". 4 LPRA Ap. XXII-B. Véase Hernández Jiménez v. AEE, 194 DPR 378, 384 (2015); Pérez Soto v. Cantera Pérez, Inc., supra, págs. 108-109.

Por consiguiente, al evaluar los hechos de este caso a la luz del derecho aplicable, surge que el Tribunal de Apelaciones erró al desestimar el recurso ante su consideración bajo el fundamento de que su notificación fue tardía. Máxime, cuando la peticionaria depositó en el correo la notificación correspondiente **once días antes de**

**que venciera el término aplicable.** Como correctamente indica la Opinión disidente, "[l]os tribunales tenemos el deber de re-pensar las normas excesivamente formalistas y rígidas que permean el derecho procesal apelativo en nuestra jurisdicción, muchas de las cuales son producto de interpretaciones que son contrarias al mandato general, y al espíritu, de la Ley de la Judicatura".[3] En vista de que la Sala de Despacho denegó expedir el recurso, y con ello validó el proceder del Tribunal de Apelaciones quien le confirió carácter jurisdiccional a un requisito de cumplimiento estricto, disiento.

                                    Maite D. Oronoz Rodríguez
                                         Jueza Presidenta

---

[3] Íd., pág. 10.