Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| NELSON GARCÉS RUIZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCION Y REHABILITACIÓN<br><br>Recurrido | KLRA202300016 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br><br>Sobre:<br>Recurso de Revisión Judicial |
|---|---|---|

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de enero de 2023.

El recurrente del epígrafe compareció por derecho propio ante este Tribunal de Apelaciones mediante un recurso en el que impugnó una *Resolución* emitida por el Comité de Clasificación y Tratamiento del Departamento de Corrección y Rehabilitación. Mediante esta, se determinó reclasificar el nivel de custodia del recurrente de mediana a máxima. En la medida en que el recurso adolece de defectos que impiden nuestra función revisora, adelantamos su desestimación.

Al respecto, la *Ley de aranceles de Puerto Rico*, Ley Núm. 17 de 11 de marzo de 1915, según enmendada, impone una sanción de nulidad a los documentos judiciales presentados sin el pago de los aranceles correspondientes. 32 LPRA sec. 1481. Es decir, "son nulos y sin valor todos los documentos o escritos presentados ante los tribunales en que se omita fijar el sello o sellos de rentas internas dispuestos para el pago

de derechos arancelarios". *Maldonado v. Pichardo*, 104 DPR 778, 781 (1976). Por otra parte, aunque la mencionada ley arancelaria contempla que los litigantes indigentes queden exentos, vale destacar que esa excepción no opera automáticamente, sino que corresponde presentar una solicitud juramentada, para que entonces el Tribunal la evalúe y determine si se probó la incapacidad para satisfacer los derechos requeridos. 32 LPRA sec. 1482. Véase, además, la Regla 78 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, en lo que atañe a la solicitud para litigar *in forma pauperis*. Así pues, nuestro ordenamiento judicial le reconoce discreción al adjudicador para conceder la solicitud de indigencia o para denegarla cuando entienda que no se probó tal estado de pobreza que impida pagar los derechos.

Desde luego, la *Ley de la Judicatura de 2003*, Ley Núm. 201-2003, según enmendada, establece como propósito cardinal el acceso fácil, económico y efectivo de la ciudadanía ante este Tribunal de Apelaciones, así como la comparecencia efectiva de apelantes por derecho propio y en forma pauperis. 4 LPRA sec. 24w; Véase también, *Fraya v. ACT*, 162 DPR 182 (2004). No obstante, se ha resuelto que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar Pool Constr.*, 159 DPR 714, 722 (2003). En tal sentido, "[l]e corresponde al solicitante demostrar su insolvencia, pues la concesión del privilegio de litigar con el beneficio de [indigencia] debe interpretarse estrictamente". *Ex parte: Madeline Colón Rodríguez*, 2022 TSPR 143, 210 DPR ___, citando con aprobación *Gran Vista I v. Gutiérrez y otros*, 170 DPR 174, 191 (2007).

En el presente caso no se pagaron los aranceles de presentación correspondientes y no se alegó -ni mucho menos logró demostrar- incapacidad de pago. Tal como señalamos, el recurrente tiene la obligación de pagar los derechos o, en su defecto, de presentar una solicitud para litigar *in forma pauperis* juramentada que este foro apelativo tenga la oportunidad de aquilatar para determinar si la misma procede. En tanto que el recurrente no hizo ni lo uno ni lo otro, resulta evidente que estamos ante un recurso ineficaz.[1] Por los fundamentos expuestos, desestimamos el recurso de revisión presentado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] Cabe señalar que el recurso manuscrito presentado por el recurrente tampoco citó fuentes de derecho que sustentaran su reclamo por el cambio de nivel de custodia, ni dirigió nuestra atención a alguna prueba contenida en el expediente administrativo para intentar rebatir la presunción de corrección de la *Resolución* emitida por el Comité de Clasificación y Tratamiento del Departamento de Corrección y Rehabilitación.