Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>HERIBERTO GONZÁLEZ GARCÍA<br><br>Peticionario | KLCE202301440 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aibonito<br><br>Caso Núm.<br>B LE2022G0061<br>B LE2022G0125 |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 20 de febrero de 2024.

I.

El 18 de diciembre de 2023, en una comparecencia por derecho propio, Heriberto González García, quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR) en la Institución 1072, acude ante nuestra consideración. Sostiene que, está extinguiendo una condena de cuatro (4) años, un (1) mes y quince (15) días por una infracción al Artículo 3.1 de la Ley Núm. 54 de 15 de agosto de 1989, según emendada, Ley para la Prevención e Intervención con la Violencia Doméstica[1].

En su escueto escrito, nos solicita una reducción de su condena. Basa su petición en que ya ha cumplido satisfactoriamente seis (6) meses de su condena. En específico, aduce que ha participado de los adiestramientos, tratamientos y charlas ofrecidas por el DCR, logrando así su total rehabilitación.

Sin embargo, una vez examinado el recurso, no surge que el señor González García haya cancelado los aranceles de presentación, ni que solicitara litigar en forma *pauperis.* Por ello, el

---

[1] 8 LPRA § 631.

31 de enero de 2024 emitimos *Resolución* concediéndole un término de diez (10) días para someter el formulario intitulado *Declaración en apoyo de solicitud para litigar como indigente* (*in forma pauperis*). Adjuntamos el correspondiente documento con la *Resolución*. En el mismo término, el señor González García debía presentar todos los documentos pertinentes, incluido el dictamen por el cual recurre a este foro. Notificada el 1 de febrero de 2024 la *Resolución*, el 12 de febrero de 2024 venció el término, sin que el señor González García cumpliera con lo ordenado.

En el ejercicio de la facultad discrecional que nos concede la Regla 7 (B)(5) de nuestro Reglamento,[2] preterimos todo trámite ulterior y, por los fundamentos que expondremos a continuación *desestimamos* el presente *Recurso*.

II.

Sabemos que los tribunales debemos ser celosos guardianes de nuestra jurisdicción.[3] Cabe puntualizar que "[l]a jurisdicción es el poder o autoridad que tiene un tribunal para considerar y decidir casos o controversias".[4] Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras.[5] Por lo que, los tribunales tienen el deber indelegable de verificar su propia jurisdicción a los fines de poder atender los recursos presentados ante éstos.[6] Los tribunales no

---

[2] La Regla 7(B)(5) dispone:
El Tribunal de Apelaciones tendrá la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a los ciudadanos. 4 LPRA Ap. XXII-B, R. 7 (B)(5).

[3] *Torres Alvarado* v. *Madera Atiles,* 202 DPR 495 (2019); *Vázquez* v. *ARPE,* 128 DPR 513, 537 (1991); *Martínez* v. *Junta de Planificación,* 109 DPR 839, 842 (1980); *Maldonado* v. *Pichardo,* 104 DPR 778, 782 (1976).

[4] *Torres,* 202 DPR, págs. 499-500; *Shell* v. *Srio. Hacienda,* 187 DPR 109, 122 (2012*); Asoc. Punta Las Marías* v. *ARPE,* 170 DPR 253, 263 [nota al calce núm. 3] (2007); *Cordero et al.* v. *ARPE et al.,* 187 DPR 445, 456 (2012).

[5] *Ruiz Camilo* v. *Trafon Group, Inc.,* 200 DPR 254, 267 (2018); *S.L.G. Szendrey-Ramos* v. *F. Castillo,* 169 DPR 873, 882 (2007); *Morán* v. *Martí,* 165 DPR 356, 364 (2005); *Vega et al.* v. *Telefónica,* 156 DPR 584, 595 (2002).

[6] *Torres,* 202 DPR, págs. 499-500; *Souffront* v. *A.A.A.,* 164 DPR 663, 674 (2005); *Vázquez,* 128 DPR, pág. 537.

pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio pueden otorgársela.[7]

Así, cuando un tribunal determina que no tiene la autoridad para atender un recurso, sólo puede así declararlo y desestimar el caso.[8] Debido a que la ausencia de jurisdicción es insubsanable.[9] Las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal de Apelaciones deben observarse rigurosamente.[10] Conforme a ello, la Regla 83 de nuestro Reglamento sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso, entre otras razones, por falta de jurisdicción.[11]

### III.

Desde la presentación del recurso ante nuestra consideración González García incumplió con los requisitos reglamentarios para su perfeccionamiento, privándonos de auscultar y asumir jurisdicción para atenderlo. No podemos pasar por alto que el escueto recurso adolece de serios defectos, acorde a la Regla 59 de nuestro Reglamento.[12] El breve escrito no contiene un índice detallado de la solicitud y de las autoridades citadas conforme lo dispuesto en la Regla 75 de nuestro Reglamento, inclusive no sostiene error alguno cometido privándonos de asumir jurisdicción.

Aunque González García nos solicita que evaluemos su condena, no nos ha provisto información medular y necesaria para acreditar nuestra jurisdicción y atender sus planteamientos. Además, González García aduce que comparece en forma *Pro-Se*,

---

[7] *Allied Management Group Inc.* v. *Oriental Bank*, 204 DPR 374 (2020); *Maldonado* v. *Junta Planificación*, 171 DPR 46, 55 (2007); *Vázquez*, 128 DPR, pág. 537.
[8] *Allied Management Group Inc.,* 204 DPR; *Carattini* v. *Collazo Systems Analysis Inc.,* 158 DPR 345, 355 (2002); *Vega et al.* v. *Telefónica*, 156 DPR 584, 595 (2002)
[9] *Allied Management Group Inc.*, 204 DPR; *Maldonado*, 171 DPR, pág. 55; *Souffront*, 164 DPR, pág. 674; *Vázquez*, 128 DPR, pág. 537.
[10] *Isleta, LLC* v. *Inversiones Isleta Marina, Inc.*, 203 DPR 585 (2019); *García Morales* v. *Mercado Rosario*, 190 DPR 632 (2014); *Soto Pino* v. *Uno Radio Group*, 189 DPR 84 (2013); *Hernández* v. *The Taco Maker*, 181 DPR 281 (2011); *Lugo* v. *Suárez*, 165 DPR 729 (2005); *Pellot* v. *Avon*, 160 DPR 125 (2003).
[11] 4 LPRA Ap. XXII-B, R. 83.
[12] Íd., R. 59.

pero no presentó la correspondiente petición para litigar por derecho propio *in forma pauperis*. Esto a pesar de haber concedido término para así hacerlo. Recordemos que la falta de jurisdicción sobre la materia no puede ser subsanada ni el tribunal puede arrogársela cuando no la hay. Por lo que nos vemos privados de autoridad para entender en la controversia que se nos presenta.

La Ley Núm. 201 de 2003, conocida como Ley de la Judicatura de 2003,[13] persigue brindar acceso fácil, económico y efectivo de la ciudadanía ante este Tribunal, así como permitir la comparecencia efectiva de apelantes por derecho propio.[14] Sin embargo, en *Febles* v. *Romar,*[15] el Tribunal Supremo de Puerto Rico advirtió que, "[e]l hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". Siendo doctrina reiterada que las partes deben cumplir con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos y que su incumplimiento puede dar lugar a la desestimación, procede que *desestimemos* el recurso incoado.[16]

IV.

Por los fundamentos antes expuestos, se *desestima* el recurso por craso incumplimiento con el Reglamento de este Tribunal.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] 4 LPRA § 24(t) *et seq.*
[14] *Fraya, S.E.* v. *A.C.*, 162 DPR 182, 189-190 (2004).
[15] 159 DPR 714 (2003).
[16] 4 LPRA Ap. XXII-B, R. 83(C); *Arriaga Rivera* v. *Fondo del Seguro del Estado,* 145 DPR 122 (1998); *Cárdenas Maxán* v. *Rodríguez,* 119 DPR 642, 659 (1987); *Matos* v. *Metropolitan Marble Corp.,* 104 DPR 122, 126 (1975).