Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| AUTORIDAD DE LOS PUERTOS DE PUERTO RICO<br><br>Recurrido<br><br>Vs.<br><br>JOHN DOE T/C/C EMMETT CALDWELL<br><br>Peticionario | KLCE202401354 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.: SJ2023CV06134 (907)<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

Comparece ante este Tribunal de Apelaciones, como indigente y por derecho propio, el Sr. Emmett Caldwell (el peticionario), mediante el recurso de *Certiorari* de epígrafe.[1]

Por los fundamentos que expondremos a continuación, desestimamos el recurso por incumplimiento con nuestro Reglamento, lo cual nos priva de jurisdicción para entender en el mismo.

### I.

De una búsqueda en el expediente electrónico del caso SJ2023CV06134 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) surge que la Autoridad de los Puertos de Puerto Rico (APPR o la parte recurrida) instó el interdicto de epígrafe,

---

[1] El peticionario acompañó el formulario OAT 1480 por lo que declaramos *Ha Lugar* la solicitud para litigar como indigente.

inicialmente contra John Doe.[2] En síntesis, se alegó que la APPR identificó una embarcación abandonada que obstruía, de manera ilegal, el tráfico marítimo en la Bahía de San Juan, particularmente en el Canal San Antonio. Adujo la parte recurrida que dicha embarcación pertenece al peticionario y que este no cumplió con los requisitos del Reglamento 4287, conocido como Reglamento para el Tráfico Marítimo en el Puerto de San Juan de 3 de agosto de 1990.

Del SUMAC surge, además, que al peticionario le fue asignado un abogado de oficio y los procedimientos ante el TPI aún no han finalizado.

El 16 de diciembre de 2024, el peticionario presentó el recurso que nos ocupa y no indicó el dictamen del cual recurre ni señaló error alguno.

Evaluado el escrito y, conforme a la decisión arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, R. 7(B)(5).

## II.

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla, aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque, de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser

---

[2] Véase, SUMAC Entrada núm. 1.

corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

Es sabido que para que este tribunal se encuentre en posición de evaluar un reclamo, resulta imprescindible que el mismo cumpla con los requisitos establecidos en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. El incumplimiento con las formalidades, allí fijadas, imposibilita el ejercicio de nuestra función revisora. En lo aquí pertinente, la Regla 34 del Reglamento del Tribunal de Apelaciones en su inciso (C), 4 LPRA Ap. XXII-B, R. 34, dispone lo siguiente:

> (1) Toda solicitud de certiorari contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
>
> (a) En la comparecencia, el nombre de las partes peticionarias.
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
> (c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari*; además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.
> (d) **Una relación fiel y concisa de los hechos procesales y materiales del caso**.
> (e) Un señalamiento **breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia**.
> (f) Una **discusión de los errores señalados**, incluyendo las disposiciones de ley y la jurisprudencia aplicable.
> (g) **La súplica**. [Énfasis Nuestro]

Además, para evaluar el recurso resulta imprescindible que, junto a la solicitud de revisión judicial, el recurrente someta los documentos que desea que evalúe este foro apelativo. Regla 59(E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59(E). A su vez, debe notificar el recurso a la parte recurrida.

De igual forma, el Tribunal Supremo de Puerto Rico ha resuelto reiteradamente que el incumplimiento con las disposiciones

reglamentarias, sobre los recursos a ser presentados ante los foros apelativos, podría conllevar la desestimación del recurso. Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83; *Pueblo v. Rivera Toro*, 173 DPR 137 (2008); *Cárdenas Maxan v. Rodríguez*, 119 DPR 642, 659 (1987). Por ende, no tenemos discreción para asumir jurisdicción donde no la hay. Debido a que la falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogársela de esta no existir, solo nos resta desestimar la acción ante nuestra consideración. *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009); *García v. Hormigonera Mayagüezana*, 172 DPR 1 (2007).

Por otro lado, la Ley núm. 201 de 22 de agosto de 2003, mejor conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA sec. 24 *et seq.*, persigue brindarles a los ciudadanos acceso fácil, económico y efectivo ante este tribunal; así como, permitir la comparecencia efectiva de apelantes por derecho propio. *Fraya v. A.C.T.*, 162 DPR 182, 189-190 (2004). Sin embargo, esto no equivale a que las partes puedan obviar las normas que rigen la presentación de los recursos. Es norma claramente establecida que las partes, inclusive los que comparecen *pro se*, deben cumplir fielmente con las disposiciones reglamentarias dispuestas para la presentación y forma de los recursos y que su inobservancia puede dar lugar a la desestimación. *Pueblo v. Rivera Toro*, 173 DPR 137 (2008); *Lugo v. Suárez*, 165 DPR 729, 737 (2005); *Pellot v. Avon*, 160 DPR 125, 134-135 (2003); *Arriaga v. F.S.E.,* 145 DPR 122, 129-130 (1998).

**III.**

En el presente recurso, el peticionario no acompañó la resolución de la cual recurre, ni anejó documentación que sustente sus alegaciones. Véase, inciso (E)(1)(d) de la Regla 34 del Reglamento, *supra.* Por otro lado, no señaló ningún error ni realizó

discusión alguna al respecto. De hecho, el escrito, por su puño y letra, resulta ininteligible. Por tanto, debido a los múltiples defectos de que adolece el presente recurso, los que impiden su perfeccionamiento, nos vemos impedidos de ejercer nuestra función revisora sobre el mismo.

En resumen, el hecho manifiesto de que el peticionario incumplió crasamente con las disposiciones del Reglamento del Tribunal de Apelaciones, *supra,* en específico con el deber de ponernos en posición de auscultar nuestra jurisdicción, es base suficiente para desestimar el recurso de apelación.

Reiteramos que las partes, inclusive los comparecientes, por derecho propio, deben cumplir con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos.

**IV.**

Por los fundamentos anteriormente expuestos, desestimamos el recurso de epígrafe por el craso incumplimiento con nuestro Reglamento.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones