Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>MARÍA LUZ MERCADO<br><br>Peticionaria | KLCE202500316 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso núm.: HSCI201400111 (206)<br><br>Sobre: Ejecución de Hipoteca |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de marzo de 2025.

Comparece ante este tribunal apelativo, la Sra. María Luz Mercado (la señora Mercado o la peticionaria) mediante el presente recurso de *Certiorari.* En su escueto escrito, la peticionaria solicita "la reconsideración del caso de ejecución de hipoteca" de la propiedad objeto de esta. La peticionaria acompañó con su recurso, el 31 de marzo siguiente, una *Moción Informativa Urgente,* acogida como una solicitud de auxilio de jurisdicción.

Por los fundamentos que expondremos a continuación, desestimamos el recurso por incumplimiento con nuestro Reglamento, lo cual nos priva de jurisdicción para entender en el mismo. En consecuencia, declaramos *No Ha Lugar* a la solicitud de auxilio de jurisdicción.

**I.**

El 28 de marzo de 2025, la peticionaria presentó el recurso que nos ocupa y no indicó el dictamen del cual recurre. Tampoco

Número Identificador
RES2025_____

señaló error alguno, ni proveyó índice, ni disposiciones legales que sugieran la competencia de este foro intermedio.

Evaluado el escrito y, conforme a la decisión arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, R. 7(B)(5).

## II.

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla, aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque, de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

Es sabido que para que este tribunal se encuentre en posición de evaluar un reclamo, resulta imprescindible que el mismo cumpla con los requisitos establecidos en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. El incumplimiento con las formalidades, allí fijadas, imposibilita el ejercicio de nuestra función revisora. En lo aquí pertinente, la Regla 34 del Reglamento del Tribunal de Apelaciones en su inciso (C), 4 LPRA Ap. XXII-B, R. 34, dispone lo siguiente:

> (1) Toda solicitud de certiorari contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
>
> (a) En la comparecencia, el nombre de las partes peticionarias.

> (b) Las **citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.**
> (c) **Una referencia a la decisión cuya revisión se solicita**, la cual incluirá el nombre y el número del caso, **la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de** *certiorari*; **además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.**
> (d) **Una relación fiel y concisa de los hechos procesales y materiales del caso**.
> (e) Un señalamiento **breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia**.
> (f) Una **discusión de los errores señalados**, incluyendo las disposiciones de ley y la jurisprudencia aplicable.
> (g) **La súplica**. [Énfasis Nuestro]

Además, para evaluar el recurso resulta imprescindible que, junto a la solicitud de revisión judicial, el recurrente someta los documentos que desea que evalúe este foro apelativo. Regla 59(E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59(E). A su vez, debe notificar el recurso a la parte recurrida.

De igual forma, el Tribunal Supremo de Puerto Rico ha resuelto reiteradamente que el incumplimiento con las disposiciones reglamentarias, sobre los recursos a ser presentados ante los foros apelativos, podría conllevar la desestimación del recurso. Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83; *Pueblo v. Rivera Toro*, 173 DPR 137 (2008); *Cárdenas Maxan v. Rodríguez*, 119 DPR 642, 659 (1987). Por ende, no tenemos discreción para asumir jurisdicción donde no la hay. Debido a que la falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogársela de esta no existir, solo nos resta desestimar la acción ante nuestra consideración. *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009); *García v. Hormigonera Mayagüezana*, 172 DPR 1 (2007).

Por otro lado, la Ley núm. 201 de 22 de agosto de 2003, mejor conocida como la Ley de la Judicatura del Estado Libre Asociado de

Puerto Rico de 2003, 4 LPRA sec. 24 *et seq.*, persigue brindarles a los ciudadanos acceso fácil, económico y efectivo ante este tribunal; así como, permitir la comparecencia efectiva de apelantes por derecho propio. *Fraya v. A.C.T.*, 162 DPR 182, 189-190 (2004). Sin embargo, esto no equivale a que las partes puedan obviar las normas que rigen la presentación de los recursos. Es norma claramente establecida que las partes, inclusive los que comparecen *pro se*, deben cumplir fielmente con las disposiciones reglamentarias dispuestas para la presentación y forma de los recursos y que su inobservancia puede dar lugar a la desestimación. *Pueblo v. Rivera Toro*, 173 DPR 137 (2008); *Lugo v. Suárez*, 165 DPR 729, 737 (2005); *Pellot v. Avon*, 160 DPR 125, 134-135 (2003); *Arriaga v. F.S.E.,* 145 DPR 122, 129-130 (1998).

### III.

De un examen del presente recurso surge, con meridiana claridad, que el mismo no cumple con los requerimientos de la Regla 34, antes citada, lo cual impide que realicemos adecuadamente nuestra función revisora. La señora Mercado no indicó el dictamen del cual recurre, ni anejó documentación que sustente sus alegaciones. Véase, inciso (E)(1)(d) de la Regla 34 del Reglamento, *supra.* Adicionalmente, esta no realizó una relación fiel y concisa de los hechos procesales y materiales del caso. Tampoco señaló ningún error ni realizó discusión alguna al respecto. Por tanto, debido a los múltiples defectos que adolece el presente recurso, los que impiden su perfeccionamiento, nos vemos impedidos de ejercer nuestra función revisora sobre el mismo.

Reiteramos que las partes, incluso los comparecientes, por derecho propio, deben cumplir con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos.

### IV.

Por los fundamentos anteriormente expuestos, desestimamos el recurso de epígrafe por el craso incumplimiento con nuestro Reglamento. En consecuencia, declaramos *No Ha Lugar* a la solicitud de auxilio de jurisdicción.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                                LCDA. LILIA M. OQUENDO SOLÍS
                                Secretaria del Tribunal de Apelaciones