Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| PRISCILLA A. ZAPATA TORRES Y OTROS<br><br>Apelante<br><br>v.<br><br>ALMONET SAN GERMÁN, LLC Y OTROS<br><br>Apelada | KLAN202300917 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Núm.: ISCI201800283<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 6 de diciembre de 2023.

Comparecen Priscilla A. Zapata Torres y Zulma E. Torres Vega (en conjunto, las Apelantes) mediante Apelación presentada el 16 de octubre de 2023. Las Apelantes apelan la *Sentencia Parcial* emitida el 2 de junio de 2023, por el Tribunal de Primera Instancia Sala de Mayaguez (TPI o foro primario), notificada el 14 de junio del corriente año, que declaró Ha Lugar la moción de sentencia sumaria presentada por Judith Chervoni, Ileana Aquino y Juan Albors y desestimó la demanda en daños presentada por las Apelantes en contra de éstas, en su carácter personal.

Por los fundamentos que expondremos a continuación desestimamos la Apelación por falta de jurisdicción.

### I

El 16 de octubre de 2023, las Apelantes presentaron escrito intitulado *Apelación por Error Perjudicial* en la que nos solicita que revoquemos la Sentencia Parcial emitida el 2 de junio de 2023, por el foro primario, notificada el 14 de junio de 2023. Mediante *Resolución* de 18 de octubre de 2023, notificada el 19 de octubre de

Número Identificador

SEN(RES)2023_____

2023, requerimos a las Apelantes que acreditaran el cumplimiento con la Regla 14 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.14 (B).

Posteriormente, el 2 de noviembre de 2023, Judith Chervoni, Ileana Aquino y Juan Albors comparecen sin someterse a la jurisdicción y presentaron *Moción Solicitando Desestimación de Apelación Por Incumplimiento Con la Regla 16 del Reglamento del Tribunal de Apelaciones*. Allí aducen que el recurso presentado por los Apelantes adolece de graves deficiencias de formato y contenido, lo cual constituye un incumplimiento con los requisitos que establece la Regla 16 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.16. Sostienen además, que los Apelantes no incluyeron señalamiento de error que a su juicio cometió el foro primario en la Sentencia Parcial apelada, y que éstos tampoco elaboraron una relación fiel y concisa de los hechos pertinentes al caso, ni discuten el derecho aplicable.

De igual forma, el 6 de noviembre de 2023, Almonet San Germán t/c/p Almonet Corporation y otros, comparecen mediante Moción *Solicitando la Desestimación de la Apelación Por incumplimiento de la Regla 16* de *Con la Regla 16 del Reglamento del Tribunal de Apelaciones* en la que se unen a los planteamientos esbozados por Judith Chervoni, Ileana Aquino y Juan Albors en la solicitud de desestimación de 2 de noviembre de 2023. Al respecto, sostienen que las Apelantes no incluyeron en la Apelación señalamiento de error alguno que, según su criterio, incurrió el foro primario al emitir la Sentencia Parcial apelada. De igual forma, esbozan que no discutió el derecho aplicable, a la vez que señalan que los hechos expuestos en la Apelación constituyen únicamente expresiones de las Apelantes y no corresponden a los hechos objeto de la Sentencia Parcial apelada.

Mediante *Resolución* emitida y notificada el 7 de noviembre de 2023, concedimos a las Apelantes hasta el 9 de noviembre de2023, para expresarse en torno a las mociones de desestimación presentadas por Judith Chervoni, Ileana Aquino, Juan Albors, en su carácter personal y por Almonet San Germán t/c/p Almonet Corporation (en conjunto, los Apelados).

Así las cosas, el 14 de noviembre de 2023, Judith Chervoni, Ileana Aquino y Juan Albors presentaron *Moción Solicitando Desestimación Por Incumplimiento con la Regla 16 del Reglamento del Tribunal de Apelaciones y con la Resolución del TCA de 9 de noviembre de 2023.*

El 16 de noviembre de 2023, las Apelantes presentaron escrito intitulado *Moción en Oposición a Solicitud de Desestimación del Recurso de Apelación presentado el 16 de octubre de 2023 en el Tribunal de Apelaciones por Error Perjudicial.* De igual modo, el 21 de noviembre de 2023, las Apelantes presentaron *Moción en Cumplimiento de Resolución de 7 de noviembre de 2023.* Sin embargo, en ninguno de sus escritos las Apelantes acreditan el cumplimiento con la Regla 14 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.14 (B).

**II**

La Regla 14(B) del Reglamento de este Tribunal de Apelaciones 4 LPRA Ap. XXII-B, R.14(B) regula todo lo relacionado a la manera en que se debe presentar una apelación civil. En lo referente a la notificación al TPI sobre la presentación de una Apelación, la citada regla dispone lo siguiente:

> (B) De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, **la parte apelante deberá notificar la cubierta o primera página del escrito de apelación debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las <u>setenta y dos (72)</u>**

**horas siguientes a la presentación del escrito de apelación**. **Este término será de cumplimiento estricto**. (Énfasis suplido).

Para que un Tribunal pueda prorrogar un término de cumplimiento estricto es necesario que la parte justifique su incumplimiento por haber mediado justa causa. De no acreditarse justa causa, el Tribunal no tiene discreción para prorrogar el término en cuestión. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000).

En *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013), el Tribunal Supremo reiteró la importancia del cumplimiento con la notificación al Tribunal de Primera Instancia de la cubierta o primera página del escrito dentro del término de cumplimiento estricto, conforme lo dispuesto por la Regla 14(B) del Reglamento del Tribunal de Apelaciones.[1] En esa ocasión, nuestro más Alto Foro elaboró sobre la obligación del apelante, recurrente o peticionario de acreditar con razones válidas cualquier desviación de dicha regla. En particular, expresó que "[l]a parte que actúa tardíamente debe hacer constar las circunstancias específicas que ameriten reconocerse como justa causa para prorrogar un término de cumplimiento estricto". *Soto Pino v. Uno Radio Group, supra*, a la pág.92.

Si la parte no acredita dichas circunstancias, un tribunal no tiene discreción para prorrogar el término y, por tanto, no puede considerar el recurso. No bastan meras vaguedades, excusas genéricas sin detalles, ni planteamientos estereotipados para satisfacer este requisito de mostrar justa causa. [2] "[S]in justa causa el incumplimiento con un término de cumplimiento estricto no se puede 'subsanar'".[3]

---

[1] *Soto Pino v. Uno Radio Group, supra.*
[2] *Id.*, pág. 93.
[3] *Id.*, pág. 96.

En cuanto al contenido de la apelación, la Regla 16 (C) del Reglamento del Tribunal de Apelaciones 4 LPRA Ap. XXII-B, R 16 (C)dispone lo siguiente

:

(C) Cuerpo

(1) Todo escrito de apelación contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

    (a) En la comparecencia, el nombre de las partes apelantes.

    (b) (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

    (c) Una referencia a la sentencia cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Sala del Tribunal de Primera Instancia que la dictó, y la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el escrito de apelación; además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

    (d) **Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.**

    (e) **Un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia**.

    (f) **Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.**

    (g) La súplica.

(2) El escrito de apelación será el alegato de la parte apelante. No se permitirá la presentación de un alegato o memorando de autoridades por separado. **La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo del escrito de la apelación.**

Regla 16 (C)del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 16(C). (Énfasis suplido)).

Por su parte, la Regla 16 (C) (2) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 16 (C) (2), dispone además, que el escrito de apelación será el alegato de la parte apelante y que no se permitirá la presentación de un alegato o memorando de autoridades por separado. Además, la argumentación y los fundamentos de derecho deberán incluirse en el cuerpo del escrito de apelación.

**III**

De la precitada Regla se desprende que nuestro ordenamiento le exige a la parte Apelante que en su escrito señale, discuta y fundamente el error o los errores que se le imputan al foro primario. El perfeccionamiento de un recurso está supeditado a que la parte que solicita la revisión del dictamen argumente adecuadamente su contención.

El recurso presentado por las Apelantes no incluye una relación fiel y concisa de los hechos procesales ni de los hechos importantes y pertinentes del caso. Tampoco contiene señalamiento de error alguno ni una discusión de los errores que a su juicio cometió el TPI. Aun aplicando la mayor laxitud en el cumplimiento de los requisitos reglamentarios en el proceso apelativo, los defectos antes señalados no nos permiten efectuar función revisora alguna. Es decir, no tenemos manera de poder determinar cuál es el asunto que debemos atender o revisar.

Reconocemos que la Ley de la Judicatura de 2003, 4 LPRA secs. 24 y ss., persigue brindar acceso fácil, económico y efectivo de la ciudadanía ante este Tribunal, así como permitir la comparecencia efectiva de apelantes por derecho propio. *Véase, Fraya, S.E. v. A.C.*, 162 DPR 182 (2004). Sin embargo, aún en casos como el de autos en los que la parte con interés comparece por derecho propio, no se pueden obviar las normas que rigen la presentación de los recursos. Así lo resolvió el Tribunal Supremo de Puerto Rico en *Febles v Romar Pool Construction*, 159 DPR 714 (2003): "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales."

Si bien es importante proveer un acceso fácil, económico y efectivo a los ciudadanos, incluso a aquellos que acuden por derecho propio y en *forma pauperis*, a que presentan reclamos ello no es óbice para la parte apelante incurra en omisiones crasas para el

perfeccionamiento de la apelación. Las omisiones del recurso presentado por las Apelantes nos impiden colocarnos en posición de atender su desacuerdo con la determinación del foro primario Al examinar el recurso ante nuestra consideración, encontramos que éste no cumple con los requisitos básicos para la presentación de un escrito de apelación ante este Tribunal.

De otra parte, la Apelación ante nuestra consideración fue presentada el **16 de octubre de 2023**. Conforme a la Regla 14(B) de nuestro Reglamento, *supra,* las Apelantes contaban con setenta y dos (72) horas a partir de dicho momento para notificar la cubierta o la primera página de su escrito - debidamente sellada con la fecha de presentación - a la Secretaría del TPI que emitió el dictamen apelado. Dicho término reglamentario vencía el *19 de octubre de 2023*. Sobre esos extremos emitimos *Resolución* el 18 de octubre de 2023, dirigida a que las Apelantes acreditaran el cumplimiento con la Regla 14 (B), *supra,* sin que ello ocurriera. Al día de hoy, las Apelantes no han acreditado la notificación al foro primario de la presentación de su Apelación por, lo que han incumplido con el referido plazo. Así las cosas, correspondía a éstas justificarnos dicho incumplimiento con el término para notificar la presentación de su recurso al foro primario, de manera que estuviésemos en posición de eximirle del cumplimiento estricto de este requisito reglamentario. Reiteramos que al día de hoy, las Apelantes han omitido cumplir con lo anterior. **En ninguna de las mociones presentadas las Apelantes acreditan el cumplimiento con la Regla 14 (B).**

Los litigantes, aun los que comparecen por derecho propio, deben cumplir con las disposiciones reglamentarias establecidas para la presentación de los recursos. Es obligación de las partes presentar los escritos que nos permitan acreditar nuestra jurisdicción e identificar y evaluar cuál es el señalamiento que se

trae ante nuestra consideración. El incumplimiento con estos requisitos puede acarrear la desestimación del recurso. Véase, Regla 83 (C) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83 (C).

Asimismo, es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que tenemos el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. Esto es así porque la falta de jurisdicción no es susceptible de ser subsanada por ningún tribunal, ni pueden las partes conferírsela cuando no la tienen. *Dávila Pollock et al v. R.F. Mortgage*, 182 DPR 86 (2011), *Ponce Fed. Bank v. Chubb LIfe Ins. Co.*, 155 DPR 309 (2001); *Juliá et als. v. Epifanio Vidal, S.E.*, 153 DPR 357 (2001); *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991).

A la luz del derecho antes expresado y ante las faltas antes reseñadas, resulta forzoso concluir que estamos impedidos de atender el recurso de epígrafe por lo que procede su desestimación por falta de jurisdicción, por incumplimiento craso con nuestro Reglamento.

**IV**

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, desestimamos el recurso presentado por las Apelantes por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones