Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO | | *Revisión* procedente del Tribunal de Primera Instancia, Sala de Arecibo |
|---|---|---|
| Recurrido | KLRA202400076 | |
| v. | | Caso Núm. C VI2018G0027 C LA2018G0174 (Ref. C1VP2018-0692) |
| JONATHAN ROMÁN BAGUÉ | | |
| Recurrente | | Sobre: Art. 109 CP Art. 5.05 Ley 404 (Ley de Armas) |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de febrero de 2024.

I.

El 30 de noviembre de 2023, el confinado Jonathan Román Bagué presentó *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR). Solicitó que se corrigiera la Hoja de Cómputos y su Sentencia, conforme a la Ley Núm. 85 de 11 de octubre de 2022[1], por alegada duplicidad de sentencia.

En la *Respuesta del Área Concernida/Superintendente,* emitida el 19 de diciembre de 2023, el DCR le indicó que, según su expediente, había recibido una nueva Hoja de Control Sobre Liquidación de Sentencia con la Ley Núm. 85 aplicada y que no se

---

[1] Ley Núm. 85 de 11 de octubre de 2022. Esta ley enmendó el Art. 308 de la Ley 146-2012, según enmendada, conocida como el *Código Penal de Puerto Rico,* y el Art. 3 la Ley Núm. 118 de 22 de julio de 1974 de la Junta de Libertad Bajo Palabra, con el fin de atemperar su contenido con las disposiciones de estos estatutos con la Ley Núm. 168-2019, conocida como Ley de Armas de Puerto Rico de 2020.

Número Identificador

RES2024_____

observaba duplicidad de sentencia alguna. Insatisfecho, el 24 de enero de 2024, Román Bagué recurrió ante nos mediante *Solicitud de Revisión de Decisión Administrativa*. Plantea:

**Primer Error:**

Err[ó] en la aplicación e interpretación de las leyes y los reglamentos que se le ha encomendado.

**Segundo Error:**

Err[ó] el D.C.R. al no basar su determinación en evidencia sustancial.

**Tercer Error:**

Al actua[r] as[í], arbitraria, caprichosa, irrazonable e ilegalmente habiendo emitido una determinación carente de base raci[o]nal y contraria a derecho.

**Cuarto Error:**

Remedio Administrativo n[ú]m. ICG-1779-23 solicitud del recurrente al Departamento de r[é]cord de Guerrero Aguadilla a se[ñ]or. Eduardo Carirre Cuevas t[é]cnico de r[é]cord. Respuesta de. Sr. Carirre Cuevas Técnico de r[é]cord- con Respecto a Duplicidad la cual usted se refiere no observ[ó] Duplicidad alguna.


II.

Sabemos que los tribunales debemos ser celosos guardianes de nuestra jurisdicción.[2] Cabe puntualizar que "[l]a jurisdicción es el poder o autoridad que tiene un tribunal para considerar y decidir casos o controversias".[3] Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras.[4] Por lo que, los tribunales tienen el deber indelegable de verificar su propia jurisdicción a los fines de poder atender los recursos presentados ante éstos.[5] Los tribunales no

---

[2] *Torres Alvarado* v. *Madera Atiles,* 202 DPR 495 (2019); *Vázquez* v. *ARPE,* 128 DPR 513, 537 (1991); *Martínez* v. *Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado* v. *Pichardo*, 104 DPR 778, 782 (1976).

[3] *Torres*, 202 DPR, págs. 499-500; *Shell* v. *Srio. Hacienda*, 187 DPR 109, 122 (2012*); Asoc. Punta Las Marías* v. *ARPE*, 170 DPR 253, 263 [nota al calce núm. 3] (2007); *Cordero et al.* v. *ARPE et al.*, 187 DPR 445, 456 (2012).

[4] *Ruiz Camilo* v. *Trafon Group, Inc.,* 200 DPR 254, 267 (2018); *S.L.G. Szendrey-Ramos* v. *F. Castillo*, 169 DPR 873, 882 (2007); *Morán* v. *Martí*, 165 DPR 356, 364 (2005); *Vega et al.* v. *Telefónica*, 156 DPR 584, 595 (2002).

[5] *Torres*, 202 DPR, págs. 499-500; *Souffront* v. *A.A.A.*, 164 DPR 663, 674 (2005); *Vázquez*, 128 DPR, pág. 537.

pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio pueden otorgársela.[6]

Así, cuando un tribunal determina que no tiene la autoridad para atender un recurso, sólo puede así declararlo y desestimar el caso.[7] Debido a que la ausencia de jurisdicción es insubsanable.[8] Las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal de Apelaciones deben observarse rigurosamente.[9] Conforme a ello, la Regla 83 de nuestro Reglamento sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso, entre otras razones, por falta de jurisdicción.[10]

### III.

De entrada, destacamos que Román Bagué instó su recurso ante nos tardíamente. Nótese que, la última respuesta de la División de Remedios Administrativos le fue notificada a Román Bagué el **19 de diciembre de 2023**, y su *Solicitud de Revisión de Decisión Administrativa* fue redactada y sometida a través de los funcionarios correccionales el **24 de enero de 2024.** Es decir, Román Bagué entregó su recurso a los oficiales que lo custodian, transcurrido el término de treinta (30) días que tenía para ello desde que se le notificó la *Respuesta* el 19 de diciembre de 2023. **Dichos funcionarios remitieron el recurso** a la Secretaría de este Tribunal de Apelaciones el **9 de febrero de 2024**.[11]

---

[6] *Allied Management Group Inc.* v. *Oriental Bank*, 204 DPR 374 (2020); *Maldonado* v. *Junta Planificación*, 171 DPR 46, 55 (2007); *Vázquez*, 128 DPR, pág. 537.

[7] *Allied Management Group Inc.,* 204 DPR; *Carattini* v. *Collazo Systems Analysis Inc.*, 158 DPR 345, 355 (2002); *Vega et al.* v. *Telefónica*, 156 DPR 584, 595 (2002)

[8] *Allied Management Group Inc.*, 204 DPR; *Maldonado*, 171 DPR, pág. 55; *Souffront*, 164 DPR, pág. 674; *Vázquez*, 128 DPR, pág. 537.

[9] *Isleta, LLC* v. *Inversiones Isleta Marina, Inc.*, 203 DPR 585 (2019); *García Morales* v. *Mercado Rosario*, 190 DPR 632 (2014); *Soto Pino* v. *Uno Radio Group*, 189 DPR 84 (2013); *Hernández* v. *The Taco Maker*, 181 DPR 281 (2011); *Lugo* v. *Suárez*, 165 DPR 729 (2005); *Pellot* v. *Avon*, 160 DPR 125 (2003).

[10] 4 LPRA Ap. XXII-B, R. 83.

[11] No vemos razón para no extender a los recursos de revisiones administrativas de confinados, la norma reglamentaria dispuesta en la Regla 30.1 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 30.1. Dispone que en casos de apelaciones criminales por parte de confinados e indigentes que comparecen por derecho propio, se dé por formalizada la misma una vez se le entregue a la autoridad que le tiene bajo custodia el escrito de apelación. Dispone, además, que si las

La Ley Núm. 103 de 2003, conocida como *Ley de la Judicatura de 2003*,[12] persigue brindar acceso fácil, económico y efectivo de la ciudadanía ante este Tribunal, así como permitir la comparecencia efectiva de apelántes por derecho propio.[13] Sin embargo, en *Febles v. Romar*,[14] el Tribunal Supremo de Puerto Rico advirtió que, "[e]l hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". Siendo doctrina reiterada que las partes deben cumplir con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos y que su incumplimiento puede dar lugar a la desestimación, procede que *desestimemos* el recurso incoado.[15]

IV.

Por los fundamentos antes expuestos, se *desestima* el recurso por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

autoridades correccionales no le dan debido curso a la apelación dentro del término correspondiente, dicha entrega equivale la presentación dentro del término para iniciar el recurso. Los principios que inspiran esta norma están igualmente presentes en los recursos administrativos.

[12] 4 LPRA § 24(t) *et seq.*

[13] *Fraya, S.E.* v. *A.C.*, 162 DPR 182, 189-190 (2004).

[14] 159 DPR 714 (2003).

[15] 4 LPRA Ap. XXII-B, R. 83(C); *Arriaga Rivera* v. *Fondo del Seguro del Estado*, 145 DPR 122 (1998); *Cárdenas Maxán* v. *Rodríguez*, 119 DPR 642, 659 (1987); *Matos* v. *Metropolitan Marble Corp.*, 104 DPR 122, 126 (1975).