Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Federico Robles Collazo, Wanda I. Fontán Ocasio y la Sociedad Legal de Bienes Gananciales compuesta por ambos<br><br>Recurrida<br><br>vs.<br><br>Lydia I. Otero Encarnación<br><br>Peticionaria | KLAN202400075 | **APELACIÓN acogida como *CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala de Vega Baja<br><br>Civil Núm.: VB2019CV00652<br><br>Sobre: Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 08 de marzo de 2024.

Comparece ante nos la señora Lydia Otero Encarnación (en adelante Sra. Otero Encarnación o parte peticionaria), en solicitud de que se revoque la "Orden" dictada el 20 de diciembre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Vega Baja. En ésta, el Foro Primario declaró "No Ha Lugar" la "Solicitud de Reconsideración", presentada el 23 de noviembre de 2023, por la parte peticionaria. Reafirmando así su denegatoria de la petición de relevo de la "Sentencia en Rebeldía", dictada el 23 de junio de 2021.

Tras examinar la naturaleza y procedencia del caso de autos, la apelación presentada ante nuestra consideración será acogida como un recurso de *Certiorari*, aunque conservará la clasificación alfanumérica asignada por la Secretaría de este Tribunal.

---

[1] Esta determinación fue notificada vía correo regular el 22 de diciembre de 2023.

Número Identificador

SEN2024 _____

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, se acoge el recurso de *certiorari*, y se confirma la "Orden", por los fundamentos que expondremos a continuación.

**-I-**

El 14 de agosto de 2019, el Señor Federico Robles Collazo, la Señora Wanda I. Fontán Ocasio y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en adelante demandantes o parte recurrida), presentaron una "Demanda", en cobro de dinero y ejecución de hipoteca por la vía ordinaria, contra la Sra. Otero Encarnación.

Surge de la "Certificación Registral" expedida el 30 de junio de 2020,[2] que el 16 de abril de 2016, se otorgó la Escritura Núm. 17 sobre Hipoteca ante el Notario Irvyn T. Nieves Robles. A su vez, se desprende que la Hipoteca garantizó el "Pagaré Hipotecario"[3] a favor de los recurridos, Federico Robles Collazo, y Wanda I. Fontán Ocasio, por la suma principal de $12,000.00, Affidavit Número 24,223.

Ante la incomparecencia de la parte peticionaria, y a solicitud de la parte recurrida, el 23 de junio de 2021, el Foro de Instancia emitió una "Sentencia en Rebeldía"[4]. En ésta condenó a la Sra. Otero Encarnación al pago de $12,000.00, por concepto de principal adeudado, y la suma de $5,000.00, por concepto de costa, gastos y honorarios de abogados, según pactado. No surge del expediente judicial, que la parte peticionaria haya reconsiderado y/o apelado la referida "Sentencia en Rebeldía".

Transcurridos dos (2) años, tres (3) meses y diez (10) días de dictada la "Sentencia en Rebeldía", el 4 de octubre de 2023, la

---

[2] Número de turno 2020-005002-CERT.
[3] Legalizado por el Notario Irvyn Nieves Robles, en esa misma fecha, bajo el número de Affidavit 24,223.
[4] Anejo 3 del Apéndice.

parte peticionaria, compareció mediante su representación legal,[5] a los únicos fines de notificar la existencia del caso ante la Corte de Quiebras caso número 20-02873.[6]  Atendida la "Moción" de la parte peticionaria, el Foro de Instancia decretó la paralización de los procedimientos post-sentencia.[7]

Más adelante, el 31 de marzo de 2023, compareció ante el Foro de Instancia la parte recurrida, mediante "Solicitud de Ejecución de Hipoteca". [8] Los demandantes, entre otras cosas, presentaron ante el Tribunal de Primera Instancia la "Orden" dictada el 16 de febrero de 2023, por la Corte de Quiebras en el caso 23-00068.  Se puede apreciar que, en la referida "Orden", el Foro Federal aprobó la solicitud que hiciere la parte recurrida, para continuar con el proceso de ejecución de hipoteca. [9]

Continuados los procesos en el Tribunal de Primera Instancia, se expidieron la "Orden", "Mandamiento" y el "Edicto de Subasta".  Tras, la parte recurrida, haber acreditado el diligenciamiento de todo lo ordenado, al igual que la correspondiente notificación a la parte peticionaria, el 11 de agosto de 2023, la Sra. Otero Encarnación presentó una "Moción Solicitando Relevo de Sentencia al Amparo de la Regla 49.2(D) de las de Procedimiento Civil 2009 32 LPRA Ap. V".  En ésta planteó, por primera vez, que la "Sentencia en Rebeldía" dictada el 23 de diciembre de 2021, era nula.

Atendida la contención de la parte peticionaria, al igual que la "Oposición" de la parte recurrida, el 23 de octubre de 2023, el Foro de Instancia emitió una "Orden", en la cual resolvió, "No Ha

---

[5] Anejo 6 del Apéndice.
[6] "Moción Informativa y Solicitud de Paralizar los Procedimientos".
[7] Anejo VIII de la "Contestación a la Apelación".  El referido caso ante la Corte de Quiebras fue desestimado para eso de 25 de agosto de 2022.
[8] Anejo XI del Apéndice
[9] "The stay is modified to allow creditors Federico Robles Collazo and Wanda Ivette Fontan Ocasio to pursue *In Rem* remedies foreclose, take title and possession of the real estate property".

Lugar a la Solicitud de Relevo de Sentencia presentada por la demandada".[10]

Inconforme con la determinación el 28 de noviembre de 2023, la parte peticionaria presentó una "Solicitud de Reconsideración". Auscultados los planteamientos de la Sra. Otero Encarnación, al igual que la "Oposición" de la parte recurrida,[11] el Foro de Instancia declaró "No Ha Lugar la Reconsideración". [12]

Aún inconforme con la "Orden" del Tribunal de Primera Instancia, comparece ante nos la Sra. Otero Encarnación, quien solicita la revocación de la denegatoria del relevo de sentencia solicitado. Es la contención de la parte peticionaria que la "Sentencia en Rebeldía" dictada por el Foro de Instancia es nula, por lo que, solicita ser relevada del cumplimiento de ésta.

Por su parte, la parte recurrida compareció ante este Tribunal de Apelaciones, mediante la "Contestación a Apelación". Éstos plantean que, al momento de la presentación del recurso, la Sra. Otero Encarnación, no se encontraba cubierta por las protecciones que brinda el Código de Quiebras. Añade que, las dos peticiones voluntarias presentadas ante la Corte de Quiebras han sido desestimadas, por lo que, no existe ningún impedimento para continuar con el proceso de ejecución. Reiteran los demandantes, además, que la "Sentencia en Rebeldía" dictada el 23 de junio de 2021, se emitió como consecuencia de la inacción de la Sra. Otero Encarnación al no notificar oportunamente la radicación del caso 20-02873. Finalmente, la parte recurrida enfatiza que los procedimientos post-sentencia, se realizaron con el aval de la Corte de Quiebras, en el caso 23-00068.

La parte recurrida reitera en su escrito que no procede el Relevo de Sentencia, pues la parte peticionaria no cumplió con los

---

[10] Esta Orden fue notificada el 14 de noviembre de 2023.
[11] "Oposición a "Moción solicitando Relevo de Sentencia al amparo de la Regla 49(D) de Procedimiento Civil 2009", Anejo XVIII del Apéndice de la Contestación a la Apelación.
[12] Anejo 1 del Apéndice.

requisitos impuestos por la Regla 49.2 de Procedimiento Civil, *infra*. Específicamente, manifiesta que la Sra. Otero Encarnación no presentó oportunamente, dentro de un término razonable, los planteamientos que utiliza para fundamentar su solicitud de relevo, sino que tardó 25 meses y 19 días. La parte recurrida arguye que, en todo caso que la Sra. Otero Encarnación desee cuestionar la legalidad de la Sentencia, ésta debía entablar un pleito independiente.

La parte peticionaria, plantea que el Foro de Instancia cometió los siguientes errores:

A. *Cometió error el Tribunal de Primera Instancia al dictar Sentencia habiendo sido notificado de la ricación [sic] de petición de quiebra.*
B. *Cometió error el Tribunal de Instancia al no paralizar los procedimientos.*
C. *Cometió error el Tribunal de Instancia al continuar los procedimientos basado en una Sentencia dictada después de haber radicado una solicitud de paralización de los procedimientos contra una persona que se encuentra [sic] bajo la protección de la Ley de Quiebra.*
D. *Cometió error el Tribunal de Primera Instancia al no dejar sin efecto la Sentencia dictada en el caso VB2019CV00652 cuando se alega nulidad de la Sentencia por haberse dictado sin tener jurisdicción sobre la materia y la persona del demandado debido a la paralización automática de la radicación de petición de quiebra de la demandada.*
E. *Cometió error el Tribual [sic] de Primera Instancia al declarar No Ha Lugar la solicitud de reconsideración de la parte recurrente por tratarse de una sentencia nula por dictarse en violación del estatuto de la Ley de Quiebra que impone la para;ización [sic] de los procedimientos una vez se radica una petición de quibra [sic].*
F. *Cometió error el Tribunal de Primera Instancia al no continuar los procedimientos a la fecha en que fue radicada la petición de quiebra, y contibuar [sic] con los mismo conforme a una Sentencia que se dictó después de la radicación de la petición de quiebra.*

**-II-**

**-A-**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, establece un mecanismo procesal mediante el cual el tribunal "podrá relevar a una parte o a su representante legal de una

sentencia, orden o procedimiento". Ahora bien, sólo será concedido este remedio en las instancias y por los fundamentos enumerados en la norma procesal. *García Colón et a.l v. Sucn. González*, 178 DPR 527, 539 (2010).

El mecanismo post-sentencia que incluye esta regla busca evitar que los fines de la justicia se vean frustrados por tecnicismos y sofisticaciones. *Náter v. Ramos*, 162 DPR 616, 624 (2004).

Según mencionado, la Regla 49.2 de Procedimiento Civil, *supra*, detalla un listado taxativo de las instancias en las cuales procede el relevo de sentencia. Ante ello, "[e]l peticionario del relevo está obligado a justificar su solicitud amparándose en una de las causales establecidas en la regla". *García Colón et al v. Sucn. González, supra,* a la pág. 540, citando a *Reyes v. ELA et al.,* 155 DPR 799, 809 (2001).

La Regla 49.2 de Procedimiento Civil, *supra*, provee que los Tribunales podrán liberar del cumplimiento de una sentencia, cuando surja una de las siguientes:

> *(a) Error, inadvertencia, sorpresa o negligencia excusable;*
> *(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*
> *(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;*
> *(d) nulidad de la sentencia;*
> *(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o*
> *(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.*

Una moción de relevo de sentencia no puede ser utilizada como un sustituto a los recursos de revisión o reconsideración, pero puede concederse aun después de que dicha sentencia haya

advenido firme y final. *Piazza v. Isla del Rio, Inc.*, 158 DPR 440, 449 (2003), reseñando a *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 328 (1997) y a *Olmedo Nazario v. Sueiro Jiménez*, 123 DPR 294, 299 (1989).

"El remedio de reapertura referido se origina en la propia razón de ser de los foros judiciales: hacer justicia". *Piazza v. Isla del Rio, Inc.*, *supra*, a la pág. 448*; Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445, 449 (1977); *Southern Construction Co. v. Tribunal Superior*, 87 DPR 903, 906 (1963). Este mecanismo procesal hace un llamado a que los Tribunales hagan un balance entre dos intereses en conflicto: "de una parte, que toda litigación sea concluida y tenga finalidad, y, de otra parte, que en todo caso se haga justicia". *Náter v. Ramos*, *supra*, a la pág. 624.

Ante ello, la facultad que reconoce esta regla al Foro judicial, de reabrir un caso adjudicado no es absoluta, porque "a éste se contrapone la fundamental finalidad de que haya certeza y estabilidad en los procedimientos judiciales, y de que se eviten demoras innecesarias en el trámite judicial". *Piazza v. Isla del Rio, Inc.*, *supra*, a la pág. 448.

Nuestro Máximo Foro reiteró en el caso de *Reyes v. ELA et al.*, *supra*, a la pág. 809, que "esta regla no es una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada".

En lo pertinente, concluyó el Tribunal Supremo que, "aunque el conceder o denegar una moción de relevo de sentencia es un asunto altamente discrecional, es necesario dejar demostrado que existen razones que justifiquen el remedio solicitado". *Reyes v. ELA et al.*, *supra*, a la pág. 812.

Ahora bien, surge de la Regla 49.2 de Procedimiento Civil, *supra*, que "[l]a moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6)

meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento".

En cuanto al término proscrito para la presentación de esta moción es **fatal**. *Piazza v. Isla del Rio, Inc.*, *supra*, a las págs. 448–449. Es decir, "transcurrido el término de seis meses del registro de alguna sentencia, no puede considerarse una moción de relevo". *Íd*, a la pág. 452. Sin embargo, el término anterior no será de aplicación en los casos de nulidad o cuando la sentencia dictada ha sido satisfecha. *García Colón et al. v. Sucn. González, supra*, a la pág. 540.

Resulta imperativo señalar que, en el caso de *García Colón et al. v. Sucn. González, supra*, a las págs. 543–544, nuestro Máximo Foro analizó que, aún transcurrido el término de seis (6) meses provisto por la Regla 49.2 de Procedimiento Civil, *supra*, el peticionario del relevo podrá cuestionar la validez de una sentencia. Analizó el Tribunal Supremo en *Figueroa v. Banco de San Juan*, 108 DPR 680, 689 (1979), que,

> *El esquema amplio y abarcador de remedios que provee la Regla 49.2 reduce considerablemente el ejercicio de esta acción independiente a los casos en que ha transcurrido el término fatal de seis meses y las circunstancias sean de tal índole que el tribunal pueda razonablemente concluir que mantener la sentencia constituiría una grave injusticia contra una parte que no ha sido negligente en el trámite de su caso y que, además, tiene una buena defensa en los méritos.*
>
> ***Se admite generalmente el ejercicio de la acción independiente en casos de sentencias nulas, ya que estas son inexistentes***. (Énfasis Nuestro).

"Una sentencia se considera nula cuando el tribunal actuó sin jurisdicción o cuando se quebrantó el debido proceso de ley de alguna de las partes". *HRS Erase v. CMT,* 205 DPR 689, 699 (2020).

**-B-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar

las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *García v. Padró,* 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia,* 154 DPR 79, 90-92 (2001).

La Regla 52.1 de las de Procedimiento Civil de 2009, según enmendada, 32 LPRA Ap. V, R. 52.1, establece las instancias en las que el foro revisor posee autoridad para expedir un auto de certiorari sobre materia civil. *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486 (2019).

Ahora bien, para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone lo siguiente:

> *El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*
>
> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

El Tribunal de Apelaciones sólo intervendrá en el ejercicio de la discreción del Tribunal de Primera Instancia en aquellas situaciones en que se demuestre que este último: (1) actuó con perjuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en interpretar o aplicar cualquier

norma procesal o de derecho sustantivo. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

Asimismo, en el Art. 4.002 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 – 2003, según enmendada, 4 LPRA sec. 24u, en relación a la competencia del Tribunal de Apelaciones, se establece la importancia de brindar acceso fácil, económico y efectivo a la ciudadanía, así como permitir la comparecencia efectiva de ciudadanos por derecho propio. *Fraya v. ACT*, 162 DPR 182, 189-190 (2004); *Salinas v. S.L.G. Alonso,* 160 DPR 647, 658 (2003). Ahora bien, el Tribunal Supremo de Puerto Rico enfatizó en *Febles v. Romar,* 159 DPR 714, 722 (2003), que el hecho de que las partes acudan a un tribunal por derecho propio, por sí sólo, no justifica el incumplimiento de éstas con las reglas procesales. Máxime cuando la omisión del peticionario obstaculiza la función revisora de este Tribunal de Apelaciones.

En esa misma línea, la Regla 34 (E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34(E), exige el peticionario la presentación de ciertos documentos. Lo anterior con el fin de que este Tribunal se encuentre en posición de atender las controversias planteadas ante su consideración.

En particular se requiere que presente copia literal de,

1) *Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:*
   i.   *Las alegaciones de las partes, a saber: en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;*
   ii.  *en casos criminales, la denuncia y la acusación, si la hubiere.*
   a) *La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.*
   b) *Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u*

*orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.*

c) *Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta.*

d) *Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia. Íd.*

En reiteradas ocasiones el Tribunal Supremo se ha expresado en cuanto a la necesidad de cumplir fielmente las disposiciones reglamentarias de los Tribunales. *Mariana Arriaga v. FSE,* 145 DPR 122, 130 (1998). En fin, no podemos ignorar que las determinaciones judiciales gozan de una presunción de corrección que sólo podrán ser rebatidas con la presentación de prueba en contrario. *Pueblo v. Pérez Delgado,* 211 DPR 654, 671(2023).

**-III-**

Según surge del trámite procesal esbozado, la Sra. Lydia Otero Encarnación, comparece ante nos, en solicitud de que se revoque la "Orden" dictada el 20 de diciembre de 2023, por el Tribunal de Primera Instancia. En ésta se denegó la solicitud de relevo de la "Sentencia en Rebeldía" dictada el 23 de junio de 2021.

Por estar íntimamente relacionados los errores planteados en el Recurso ante nos, procederemos a discutirlos conjuntamente.

La Sra. Otero Encarnación arguye que, debido a que la referida "Sentencia en Rebeldía" fue dictada mientras ésta se encontraba acogida a la protección que provee el Código de Quiebras, ésta es nula. Siendo así, argumenta la parte peticionaria amparada en la Regla 49.2 (d) de Procedimiento Civil, *supra,* que procede el relevo de la "Sentencia en Rebeldía".

La Sra. Otero Encarnación, manifiesta no haber estado enterada de los trámites procesales que ocurrieron con posterioridad a su emplazamiento. Lo anterior no nos convence, por varias razones. De entrada, el formulario OAT 1721, hace la advertencia de que la incomparecencia del emplazado, dentro del término allí plasmado, podría resultar en una Sentencia en rebeldía en su contra. Además, surge del expediente judicial que las determinaciones del Tribunal de Primera Instancia fueron notificadas a la última dirección conocida de la Sra. Otero Encarnación. Dirección que, nos percatamos, coincide con la incluida a la parte inferior de la firma de esta en el recurso ante nos. A su vez, el Lcdo. Juan O. Calderón Lithgow, quien compareció en representación de ésta, continuó recibiendo todos los documentos presentados y las ordenes emitidas en el caso.

Por su parte, es evidente que la Sra. Otero Encarnación no fue diligente al notificar, en el Foro de Instancia, la radicación del caso de Quiebras. De igual forma, surge de la "Orden" emitida por el Foro Federal que la parte peticionaria no se opuso a la solicitud de la parte recurrida, para continuar los procesos de ejecución.

No podemos obviar que la Sra. Otero Encarnación, por haber ejercido durante varios años la profesión de derecho, a nuestro entender es conocedora del ordenamiento judicial.

Ahora bien, las disposiciones aplicables a la petición de relevo de sentencia imponen un término fatal de seis (6) meses, contados a partir de que se dicte la Sentencia, para solicitar su relevo. *Piazza v. Isla del Rio, Inc., supra*, a las págs. 448–449; 452. Este término, analiza el Tribunal Supremo, persigue el fin último de que toda litigación sea concluida, garantizando así que haya certeza y estabilidad en los procedimientos judiciales, y de que se eviten demoras innecesarias en el trámite judicial. *Náter v. Ramos*,

*supra,* a la pág. 624; *Piazza v. Isla del Rio, Inc., supra,* a la pág. 448.

Sin embargo, dicho término no será de aplicación en los casos en los que se plantee la nulidad de la Sentencia. Ante ello, quien solicite el relevo de una sentencia transcurrido el término de seis (6) meses, basándose en el fundamento de nulidad de esta, deberá instar un pleito independiente. *Figueroa v. Banco de San Juan, supra,* a la pág. 689.

En el presente caso, la Sra. Otero Encarnación, solicitó el relevo de la sentencia, bajo el fundamento de que dicho Foro carecía de jurisdicción, para emitir la "Sentencia en Rebeldía". En otras palabras, sostuvo que esta determinación era nula.

No pese a lo anterior, la parte peticionaria esperó dos (2) años, (3) meses y diez (10) días, para cuestionar la validez de la "Sentencia en Rebeldía" y solicitar su relevo. La Sra. Otero Encarnación, no justificó su falta de diligencia, sino que se quedó de brazos cruzados, no reconsideró la "Sentencia en Rebeldía", y tampoco cuestionó su procedencia oportunamente. Lo anterior son conductas que atentan directamente a la rápida tramitación de las controversias. Por ende, de la peticionaria entender que la "Sentencia en Rebeldía" fue dictada por un Tribunal carente de jurisdicción sobre la materia, deberá proceder conforme a lo resuelto en el caso de *Figueroa v. Banco de San Juan, supra.*

No podemos permitir que la dejadez de las partes irrumpa la sana administración de la justicia dilatando injustificadamente los procesos judiciales.

**-IV-**

Por los fundamentos expuestos, los cuales hacemos formar parte de este dictamen, se confirma la "Orden" dictada el 20 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Vega Baja, en la cual declaró "No Ha Lugar" la

"Solicitud de Reconsideración", presentada el 23 de noviembre de 2023, por la parte peticionaria. Lo anterior reafirmando así su denegatoria de la petición de relevo de la "Sentencia en Rebeldía", dictada el 23 de junio de 2021.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones