ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| CLARISSA HUERTAS CONTRERAS<br><br>APELANTE<br><br>V.<br><br>ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES<br><br>APELADO | KLAN202400875 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
| | | CIVIL NÚM.: SJ2024CV07019<br>SALA: 1003 |
| | | SOBRE: IMPUGNACIÓN DE DETERMINACIÓN DE AGENCIA ADMINISTRATIVA |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 23 de octubre de 2024

Comparece ante nos la señora Clarissa Huertas Contreras ("Sra. Huertas" o "Apelante"), quien nos solicita que revisemos la Sentencia emitida el 27 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI" o "foro recurrido"). Mediante dicha Sentencia, el foro recurrido declaró **No Ha Lugar** el recurso de revisión administrativa.

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración.

Según surge del expediente, el 27 de septiembre de 2015, la Sra. Huertas estuvo involucrada en un accidente de tránsito. En esa ocasión, la parte lateral frontal izquierda del vehículo de la Apelante impactó un jinete. Así las cosas, la Sra. Huertas fue puesta bajo arresto por la Policía de Puerto Rico por expedir un fuerte olor a alcohol. A raíz de lo anterior, la Apelante se sometió

Número Identificador

SEN2024_____

a una prueba de alcohol, la cual arrojó .23% de alcohol en la sangre. Ante este escenario, a la Sra. Huertas se le radicaron cargos criminales por violación al Artículo 7.02 de la Ley Núm. 22 de 7 de enero de 2000, según enmendada, conocida como *Ley de Vehículos y Tránsito de Puerto Rico*[1]. El 30 de marzo de 2017 el Tribunal de Primera Instancia, Sala Superior de Humacao, dictó Sentencia[2] declarando a la Apelante convicta de conducir un vehículo bajo los efectos de bebidas embriagantes. Cónsono con ello, la Administración de Compensaciones por Accidentes de Automóviles (ACAA) inició una acción de recobro contra la Apelante debido a que el accidente se encontraba bajo una de las exclusiones[3] de cubierta para recibir los beneficios de ACAA.[4]

Así las cosas, entre mayo de 2016 y diciembre de 2018, la ACAA le envió cartas de cobro a la Apelante, sin embargo, no obtuvo respuesta. El 22 de octubre de 2019, el Departamento de Transportación y Obras Públicas le notificó a la Sra. Huertas la anotación de gravamen sobre su licencia de conducir y la de su vehículo de motor en virtud de la Ley 159 de 10 de agosto de 2006 ("Ley 159-2006").[5]

Varios años después, el 14 de febrero de 2024, la Apelante presentó una solicitud de revisión administrativa ante la ACAA al amparo de la Ley 159-

---

[1] *Véase* Clarissa Huertas Contreras v. Administración de Compensaciones por Accidentes de Automóviles, Civil Núm. SJ2024CV07019, en las págs. 1-2, TPI, San Juan, 27 de agosto de 2024.
[2] *Véase* Entrada #1, Anejo #8 de SUMAC.
[3] Conducir un vehículo de motor en estado de embriaguez.
[4] *Véase* Clarissa Huertas Contreras v. Administración de Compensaciones por Accidentes de Automóviles, Civil Núm. SJ2024CV07019, en las pág. 2, TPI, San Juan, 27 de agosto de 2024.
[5] *Íd.*

2006.[6] El 26 de marzo de 2024, la ACAA emitió una certificación oficial indicando que la Sra. Huertas adeudaba la cantidad de $9,635.21 por los gastos médicos incurridos en su persona y las lesiones que sufrió el jinete a consecuencia del accidente.[7] A tales efectos, el 20 de junio de 2024, se celebró una audiencia pública presencial ante un Oficial Examinador[8]. El 24 de junio de 2024[9], la ACAA emitió una Resolución en la que determinó que la solicitud de la revisión administrativa presentada por la Apelante impugnando la imposición del gravamen había sido radicada tardíamente, por lo que la ACAA carecía de jurisdicción para atender el asunto en sus méritos. El 12 de julio de 2024, la Apelante presentó una solicitud de reconsideración, la cual fue declarada **No Ha Lugar** por la ACAA el 16 de julio de 2024[10]. Inconforme, el 29 de julio de 2024, la Apelante impugnó la determinación de la ACAA[11]. El 27 de agosto de 2024 la ACAA declaró **No Ha Lugar**[12] la petición de la Sra. Huertas y confirmó la Resolución emitida el 24 de junio de 2024. Insatisfecha aún, la Sra. Huertas acude ante esta Curia mediante un recurso de apelación

-II-

**A. Reglamento del Tribunal de Apelaciones**

La Regla 16 del Reglamento del Tribunal de Apelaciones[13] detalla las partes que contendrá un escrito

---

[6] *Véase* Clarissa Huertas Contreras v. Administración de Compensaciones por Accidentes de Automóviles, Civil Núm. SJ2024CV07019, en las pág. 2, TPI, San Juan, 27 de agosto de 2024.
[7] *Íd.*, a las págs. 2-3.
[8] *Íd.* a la pág. 3.
[9] Notificada el 29 de julio de 2024. Véase Entrada #1, Anejo #4 de SUMAC.
[10] *Véase* Clarissa Huertas Contreras v. Administración de Compensaciones por Accidentes de Automóviles, Civil Núm. SJ2024CV07019, en las pág. 3, TPI, San Juan, 27 de agosto de 2024.
[11] *Íd.*
[12] *Véase* Apéndice del recurso apelativo.
[13] 4 LPRA Ap. XXII-B, R. 16.

apelativo. En lo aquí pertinente, la regla dispone lo siguiente:

> (B) Índice
>
> Inmediatamente después [*de la Cubierta del escrito*], habrá un índice detallado de la solicitud y de las autoridades citadas conforme a lo dispuesto en la Regla 75 de este Reglamento.
>
> (C) Cuerpo
>
> (1) Todo escrito de apelación contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
>
> (a) En la comparecencia, el nombre de las partes apelantes.
>
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.
>
> (c) Una referencia a la sentencia cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Sala del Tribunal de Primera Instancia que la dictó y la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación. […]
>
> (d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.
>
> (e) Un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.
>
> (f) Una discusión de los errores, incluyendo las disposiciones de ley y la jurisprudencia aplicables.
>
> (g) La súplica.
>
> (2) El escrito de apelación será el alegato de la parte apelante. No se permitirá la presentación de un alegato o memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo del escrito de apelación.
>
> (D) …
>
> (E) Apéndice
>
> (1) El escrito de apelación, salvo lo dispuesto en el subinciso (2) de este

inciso y en la Regla 74, incluirá un Apéndice que contendrá una copia literal de:

(a) las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;

(b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;

(c) toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la notificación de la resolución u orden;

(d) toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a este;

(e) cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia.

Por otro lado, la Regla 83 (c)[14] dispone que el Tribunal Apelativo podrá, *motu proprio*, en cualquier momento desestimar un recurso porque este no ha sido perfeccionado conforme a la ley y las reglas aplicables.

-III-

Este tribunal está consciente de la importancia de que toda causa de acción se atienda en sus méritos y que las omisiones en el rigor procesal no deben entorpecer el principio de que todo ciudadano tenga su día en corte.[15] Ahora bien, ante esta ineludible obligación

---

[14] 4 LPRA Ap. XXII-B, R. 83 (c).
[15] *Marrero et al. v. Vázquez et al.*, 135 DPR 174, 189 (1994).

también debe estar presente el hecho de que una decisión judicial tomada a base de un expediente incompleto puede resultar en una determinación errónea. Sobre este particular, la jurisprudencia ha sido enfática en señalar que en la práctica apelativa las partes vienen obligadas a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados.[16] Por tal razón, es impermisible dejar al arbitrio de las partes cuáles disposiciones reglamentarias deben acatarse y cuáles no.[17] Así, el incumplimiento con los requerimientos establecidos en el reglamento de un tribunal apelativo puede servir como fundamento para la desestimación de un recurso.[18]

Ahora bien, reconocemos que la Ley de la Judicatura[19] persigue brindar acceso fácil, económico y efectivo a la ciudadanía ante este Tribunal, así como permitir la comparecencia efectiva de apelantes por derecho propio.[20] Sin embargo, por el mero hecho de que la peticionaria recurre por derecho propio, no podemos obviar las normas que rigen la presentación de los recursos. Sobre este particular, el Tribunal Supremo señaló que "*el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica el incumplimiento de éstas con las reglas procesales*".[21]

En el caso que nos ocupa, el cuerpo del recurso apelativo carece de elementos esenciales. La Apelante no

---

[16] *Arriaga v. F.S.E.*, 145 DPR 122, 131 (1998); *Matos v. Metropolitan Marble Corp.*, 104 DPR 122, 125 (1975).
[17] *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Arriaga v. F.S.E., 145* DPR 122, 131 (1998); *Cárdenas Maxán v. Rodríguez,* 119 DPR 642, 659 (1987).
[18] *Arriaga v. F.S.E., supra*, pág. 131.
[19] 4 LPRA 24, et. seq.
[20] *Fraya v. A.C.T.*, 162 DPR 182, 189-190 (2004).
[21] *Febles v. Romar*, 159 DPR 714, 722 (2003).

hizo constar las disposiciones legales que establecen la jurisdicción y la competencia del tribunal. Tampoco incluyó las disposiciones legales y jurisprudencia aplicables a su causa de acción. Es decir, la Sra. Huertas se limitó a alegar que no fue debidamente notificada de la deuda que se le imputa.

Por otra parte, la Sra. Huertas no nos ha colocado en posición de atender su reclamo. Su recurso adolece de defectos que no nos permiten considerarlo. La Apelante no incluyó en el recurso la solicitud de revisión presentada ante la ACAA el 14 de febrero de 2024, cuando, según alega, advino en conocimiento de la deuda. Además, según se desprende de la Sentencia emitida por el TPI, posterior a dicha solicitud, la Apelante presentó dos escritos adicionales impugnando la determinación de la ACAA y ninguno de ellos consta en los autos del caso.

Por lo tanto, insistir en la vía de la adjudicación ante un recurso defectuoso y huérfano de información vital es realizar un ejercicio de especulación que puede conducirnos a error o, incluso, a una injusticia.

-IV-

A la luz de los fundamentos antes expresados, se **desestima** el recurso por no haber cumplido con las disposiciones de las Reglas 16 y 83 (c) del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*