ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>CARLOS GIOVANNI VÉLEZ REYES<br><br>Peticionario | KLCE202500097 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm.<br>ESC2022G0047-48<br>ESC2022G0066-67<br><br>Sobre:<br>Art. 406 CP y otros |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de marzo de 2025.

I.

El 31 de enero de 2025 el Sr. Carlos Giovanni Vélez Reyes, confinado en la Institución Correccional Sabana Hoyos 728 en Arecibo, acudió ante nos por derecho propio en solicitud de revisión sobre determinación de evaluación del Centro de Tratamiento Residencial de Arecibo. Alegó que el 5 de junio de 2024 la Sra. Zellimar Ortiz lo refirió al programa del Centro de Tratamiento Residencial de Arecibo pero que el 4 de octubre de 2024, recibió notificación con la denegatoria de su ingreso. El 8 de octubre de 2024, Vélez Reyes presentó *Solicitud de Reconsideración* en la que impugnó la denegatoria por considerar que contenía un error, ya que no padece enfermedad o condición mental.

En su recurso nos señala, que han transcurrido noventa y siete (97) días sin que la agencia emita respuesta a su *Reconsideración*. Por las razones que expondremos a continuación, nos vemos obligados a desestimar su recurso.

Número Identificador

RES2025_____

## II.

Sabemos que los tribunales debemos ser celosos guardianes de nuestra jurisdicción.[1] Cabe puntualizar que "[l]a jurisdicción es el poder o autoridad que tiene un tribunal para considerar y decidir casos o controversias".[2] Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras.[3] Por lo que, los tribunales tienen el deber indelegable de verificar su propia jurisdicción a los fines de poder atender los recursos presentados ante éstos.[4] Los tribunales no pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio pueden otorgársela.[5]

Así, cuando un tribunal determina que no tiene la autoridad para atender un recurso, sólo puede así declararlo y desestimar el caso.[6] Debido a que la ausencia de jurisdicción es insubsanable.[7] Las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal de Apelaciones deben observarse rigurosamente.[8] Conforme a ello, la Regla 83 de nuestro Reglamento sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso, entre otras razones, por falta de jurisdicción.[9]

---

[1] *Torres Alvarado* v. *Madera Atiles,* 202 DPR 495, 500 (2019); *Vázquez* v. *ARPE,* 128 DPR 513, 537 (1991); *Martínez* v. *Junta de Planificación,* 109 DPR 839, 842 (1980); *Maldonado* v. *Pichardo,* 104 DPR 778, 782 (1976).

[2] *Torres,* 202 DPR en las págs. 499-500; *Shell* v. *Srio. Hacienda,* 187 DPR 109, 122 (2012*); Asoc. Punta Las Marías* v. *ARPE,* 170 DPR 253, 263 esc. 3 (2007); *Cordero et al.* v. *ARPE et al.,* 187 DPR 445, 456 (2012).

[3] *Ruiz Camilo* v. *Trafon Group, Inc.,* 200 DPR 254, 268 (2018); *S.L.G. Szendrey-Ramos* v. *F. Castillo,* 169 DPR 873, 882 (2007); *Morán* v. *Martí,* 165 DPR 356, 364 (2005); *Vega et al.* v. *Telefónica,* 156 DPR 584, 595 (2002).

[4] *Torres,* 202 DPR en la pág. 500; *Souffront* v. *A.A.A.,* 164 DPR 663, 674 (2005); *Vázquez,* 128 DPR en la pág. 537.

[5] *Allied Management Group Inc.* v. *Oriental Bank,* 204 DPR 374, 386 (2020); *Maldonado* v. *Junta Planificación,* 171 DPR 46, 55 (2007); *Vázquez,* 128 DPR en la pág. 537.

[6] *Allied Management Group Inc.,* 204 DPR en las págs. 386-387; *Carattini* v. *Collazo Systems Analysis Inc.,* 158 DPR 345, 355 (2002); *Vega et al.* v. *Telefónica,* 156 DPR 584, 595 (2002).

[7] *Allied Management Group Inc.,* 204 DPR en la pág. 386; *Maldonado,* 171 DPR en la pág. 55; *Souffront,* 164 DPR en la pág. 674; *Vázquez,* 128 DPR en la pág. 537.

[8] *Isleta, LLC* v. *Inversiones Isleta Marina, Inc.,* 203 DPR 585, 590 (2019); *García Morales* v. *Mercado Rosario,* 190 DPR 632, 639 (2014); *Soto Pino* v. *Uno Radio Group,* 189 DPR 84, 90 (2013); *Hernández* v. *The Taco Maker,* 181 DPR 281, 290 (2011); *Lugo* v. *Suárez,* 165 DPR 729, 737 (2005); *Pellot* v. *Avon,* 160 DPR 125, 138 (2003).

[9] 4 LPRA Ap. XXII-B, R. 83.

### III.

El recurso presentado por Vélez Reyes incumple sustancialmente con requisitos reglamentarios para su perfeccionamiento, por lo que nos impide asumir jurisdicción y atenderlo. Su escrito adolece de serios defectos, acorde a la Regla 34 de nuestro Reglamento.[10] Además de no contener un índice detallado de la solicitud y de las autoridades citadas conforme lo dispuesto en la Regla 75 de nuestro Reglamento, su escueto y lacónico escrito carece de un apéndice con copia de los documentos que forman parte del expediente. Además, no acompaña su recurso de la determinación del Centro de Tratamiento Residencial de Arecibo cuya revisión solicita. De hecho, según su propia declaración, existe en el trámite administrativo una Reconsideración ante la agencia que, a la fecha de instado este recurso, no ha sido atendida ni resuelta.

Reconocemos que la Ley Núm. 103 de 2003, conocida como Ley de la Judicatura de 2003,[11] persigue brindar acceso fácil, económico y efectivo de la ciudadanía ante este Tribunal, así como permitir la comparecencia efectiva de apelantes por derecho propio.[12] Sin embargo, en *Febles* v. *Romar,*[13] el Tribunal Supremo de Puerto Rico advirtió que "[e]l hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".[14] Siendo doctrina reiterada que las partes deben cumplir con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos y que su incumplimiento puede dar lugar a la desestimación, procede que *desestimemos* el recurso incoado.[15]

### IV.

Por los fundamentos antes expuestos, *desestimamos* el recurso por falta de jurisdicción.

---

[10] *Id.,* R. 34.

[11] 4 LPRA § 24(t) *et seq.*

[12] *Fraya, S.E.* v. *A.C.,* 162 DPR 182, 189-190 (2004).

[13] 159 DPR 714 (2003).

[14] *Id.,* en la pág. 722.

[15] 4 LPRA Ap. XXII-B, R. 83(C); *Arriaga Rivera* v. *Fondo del Seguro del Estado,* 145 DPR 122 (1998); *Cárdenas Maxán* v. *Rodríguez,* 119 DPR 642, 659 (1987); *Matos* v. *Metropolitan Marble Corp.,* 104 DPR 122, 126 (1975).

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones